Jasen, J.
This appeal presents the issue of whether evidence improperly obtained by a private citizen is admissible in a criminal prosecution.
Defendant was apprehended outside of the S. Klein Department Store, Hempstead, New York, by two store detectives for allegedly stealing an aerator (a small water faucet device). He was taken to the office of the store’s security manager and emptied his pockets at the manager’s request. The security manager then ‘ ‘ frisked ’ ’ defendant to determine if he possessed additional stolen property or weapons. This “ frisk ” revealed a loaded semi-automatic pistol which was forcibly taken from defendant.
Defendant was indicted for felonious possession of a loaded firearm. His motion to suppress the pistol was denied after a hearing. Defendant was thereafter convicted upon his plea of guilty of criminal possession of a firearm as a misdemeanor in Nassau County Court and sentenced to six months’ imprisonment. Execution of sentence was suspended and defendant was placed on probation for one year. The Appellate Division, *380 Second Department, affirmed in an opinion upon the ground that “ evidence wrongfully obtained by a private person is admissible in a State criminal prosecution ”.
Defendant contends that his pistol was unlawfully seized by Klein’s security manager during a search following an unlawful arrest and, therefore, should have been suppressed upon his motion. He argues that his arrest was unlawful because he was acquitted in a separate trial of the shoplifting charge for which he was arrested.
Here, the store detectives had no connection with the police and seized defendant’s pistol in pursuance of their private responsibility to provide security for the store. The validity of defendant’s arrest, therefore, is measured by the standards applicable to arrests by private citizens. At the time of this incident, the Code of Criminal Procedure (§ 183, subd. 1) authorized a private person to arrest without a warrant for a crime* committed in his presence (People v. Governale, 193 N. Y. 581; People v. Foster, 10 N Y 2d 99), but the validity of such an arrest depended upon the guilt of the defendant. (McLoughlin v. New York Edison Co., 252 N. Y. 202, 205; cf. Citizens Arrest, 65 Col. L. Rev. 507 [1965].) Section 218 of the General Business Law makes reasonableness of arrest available to retail stores and their employees as a defense to civil false arrest suits, but does not validate an otherwise invalid private arrest. It follows that defendant’s arrest was invalid since he was acquitted of the shoplifting charge. We do not reach, therefore, the question whether a private person may conduct a search without a warrant incidental to a lawful arrest. (Cf. United States v. Viale, 312 F. 2d 595, 600 [2d Cir., 1963], cert. den. 373 U. S. 903; contra, cf. People v. Alberta, 37 Misc 2d 847, 849.)
The question presented then is whether the Fourth Amendment requires exclusion in criminal prosecutions of evidence wrongfully obtained by private individuals.
Historically, the Fourth Amendment protections of privacy against unlawful searches and seizures have their origins in the English law of the 17th Century and earlier (Lasson, History and Development of the Fourth Amendment [John Hopkins *381 Press, 1937], passim; cf. historical material in Boyd v. United States, 116 U. S. 616, 624-630 [1886]). These protections have not been applied to searches and seizures by persons other than government officers and agents. (Sackler v. Sackler, 15 N Y 2d 40.)
It has long been settled that our State’s prohibitions against unlawful searches and seizures (N. Y. Const., art. I, § 12; Civil Rights Law, § 8) do not require exclusion of evidence because a private individual has gathered it by unlawful means. (People v. Defore, 242 N. Y. 13, 22, 23 [1926]; People v. Richter's Jewelers, 291 N. Y. 161,168 [1943].) Likewise, successive Legilatures and constitutional, revisers since Before have refused to act favorably on proposals to bar from evidence proof so obtained.
In Burdeau v. McDowell (256 U. S. 465) the Supreme Court (p. 475) flatly stated that the Fourth Amendment’s “origin and history clearly show that it was intended as a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies”. (Cf. Gambino v. United States, 275 U. S. 310, 316 et seq.)
Defendant, however, argues that Burdeau has been overruled by Elkins v. United States (364 U. S. 206) and by Mapp v. Ohio (367 U. S. 643). The dissenters in Sackler (supra) made a similar argument. We rejected this argument in Sackler and held that evidence obtained by private persons was not required to be excluded in civil litigation on the grounds of an illegal search and seizure. However, we expressly did not reach in Sackler the issue of whether information wrongfully obtained by private individuals may be used by the State in criminal prosecutions.
Defendant’s argument is necessarily premised upon the proposition that evidence unlawfully seized by State officials as well as by private persons was not proscribed by the Federal Constitution prior to Elkins. Accepting this argument, it would follow that the exclusionary rule announced by Mapp v. Ohio (supra) would apply to all evidence unlawfully seized.
However, a careful reading of Elkins demonstrates that prior to Elkins evidence seized by government officials was treated differently in Federal prosecutions than evidence procured by *382 private individuals. Justice Stewart, writing for the Elkins court, noted that evidence illegally seized by State officials was held admissible by Weeks v. United States (232 U. S. 383) because the Fourth Amendment did not apply to State activity. (Elkins, supra, pp. 209-210.) Justice Stewart then noted that the court unequivocally determined in Wolf v. Colorado (338 U. S. 25) that the Federal Constitution by virtue of the Fourteenth Amendment prohibited unreasonable searches and seizures by State officers although it did not require the States to adopt the exclusionary rule. (Elkins, supra, p. 213.) Thus, it is clear that the Elkins decision did not overrule Burdeau. The evidence seized by State officers in Elkins, although admissible in a State court because the exclusionary rule had not yet been applied to the States, was inadmissible in a Federal court because it had been obtained in violation of the Fourth and Fourteenth Amendments to the Federal Constitution. Likewise, Mapp v. Ohio (supra) did not overrule Burdeau because Mapp only held that State courts must exclude evidence which is seized in violation of the Federal Constitution.
In Burdeau, however, and in the case at bar, the evidence was not seized in violation of the Federal Constitution because neither the Fourth nor Fourteenth Amendment proscribes private as opposed to governmental activity. Therefore, since the evidence in this case was seized without the participation or knowledge of any governmental official, it is admissible in a criminal prosecution. (People v. Kowalczyk, 20 N Y 2d 835; People v. Torres, 49 Misc 2d 39; People v. Trimarco, 41 Misc 2d 775; People v. Randazzo, 220 Cal. App. 2d 768, cert. den. 377 U. S. 1000 [1963]; Commonwealth v. Tanchyn, 200 Pa. Super. Ct. 148 [1963], cert. den. 375 U. S. 866; State v. Robinson, 86 N. J. Super. 308 [1965]; State v. Fields, 74 N. M. 559 [1964]; State v. Kemp, 251 La. 592 [1967]; Stone v. Commonwealth, 418 S. W. 2d 646 [Ky., 1967]; United States v. Goldberg, 330 F. 2d 30 [3d Cir., 1964].)
Accordingly, the judgment of conviction should be affirmed.
Chief Judge Fui® and Judges Burke, Scileppi, Bergan, Keating and Breitel concur.
Judgment affirmed.

 Code Crim. Pro., § 183, subd. 1, amd. by L. 1967, ch. 681, § 41, eff. Sept. 1, 1967, to substitute "an offense” for "a crime”.