Salvatore T. Abruzzo, J.
The defendant, Hector Rivera, was arrested and charged with resisting arrest (Penal Law, § 205.30). The arrest was made by a special patrolman, and the defendant resisted said arrest, the defense being that a special patrolman is not a peace officer and the charge cannot be made unless the arrestor is a peace officer within the section of the Penal Law (§ 205.30) that states as follows: “Resisting Arrest. A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a peace officer from effecting an authorized arrest of himself or another person. Resisting arrest is a class A misdemeanor.”
The complainant herein is not a peace officer under subdivision 33 of CPL 1.20. All persons acting under this section of the law, which defines who are peace officers, have been specifically enumerated therein, and all other persons in order to be considered and classified as peace officers must be so designated by enabling legislation. The Transit, Housing, Railroad and Bridge and Tunnel Authority police have been specifically designated by special legislation as peace officers. (See Public Authorities Law, § 528, subd. 14; § 1204, subd. 16; and Public Housing Law, § 402, subd. 5 etc.) To rule otherwise, would in effect give to the police commissioner the power to create peace officers without following the necessary and required procedures to so appoint police officers who then can act as peace officers in the general sense that the statutes require.
The court has further examined the People’s claim that subdivisions 33 and 34 of CPL 1.20 make a duly sworn ‘ ‘ police officer ” (special patrolman) a peace officer and yet these sections must be read together with section 434a-7.0 of the Administrative Code of the City of New York, wherein special patrolmen are appointed and sworn and are given the duties and are subject to the discipline of a peace officer but are excluded as to the status of police officers. Quoting in part subdivision e of this section “ and nothing in this section contained shall be construed to constitute such special patrolmen members of the force ”.
Therefore by the language of the enabling statute they are not members of the police force, so as to qualify under subdivision 33 of CPL 1.20 as peace officers.
*987 The court feels that special legislation is needed to create peace . officers in any of the special patrolmen categories. Consequently the resisting arrest charge herein must be dismissed.