Sidney H. Asch, J.
This is a motion hy defendants for summary judgment. Plaintiffs also cross-move for summary judgment.
The present action was brought for declaratory and injunctive relief which shall declare whether or not the plaintiffs, as special officers of the Department of Social Services of the City of New York, are peace officers as contemplated in section 265.20 of the Penal Law; if found to be peace officers enjoining the defendants from prohibiting plaintiffs to carry firearms and from prosecuting plaintiffs for carrying firearms; if found not to be peace officers to declare portions of subdivision e of section 434a-7.0 of the Administrative Code of the City of New York to be unconstitutionally vague and lacking force and effect and enjoining defendants from requiring plaintiffs to make arrests, detain oh restrain persons.
The plaintiffs are “ special officers ” in the employ of the Department of Social Services who were appointed pursuant to subdivision e of section 434a-7.0 of the Administrative Code of the City of New York which deals with appointment of “ special patrolman” by the Police Commissioners of the City of New York.
The plaintiffs7 civil service title is “ special officer ” and they are governed within the Department of Social Services by the Rules and Regulations of the Social Service Police Patrol.
Subdivision e of section 434a-7.0 was added to the Administrative Code by chapter 117 of the Laws of 1970. There is also a legislative memorandum which details the legislative intent of the statute.
Subdivision e of section 434a-7.0 of the Administrative Code states in part: “ The special patrolman so appointed shall be subject to the orders of the commissioner and shall obey the *748 rules and regulations of the department and conform to its general discipline and to such special regulations as may be made and shall during the term of their holding appointment possess all the powers and discharge all the duties of a peace officer while in the performance of their official duties. ’ ’
The plaintiffs base their claim to peace officer status and to a right to carry firearms on the above language. To glean the legislative intent the legislative memorandum (N. Y. LegiS. Annual, 1970, pp. 62, 63) is significant. It states in part: “ This bill is not intended and would not authorize such special patrolmen to possess firearms. A designation as a peace officer does not, under present law, exempt such "a person from the licensing provisions of the Penal Law. Under Penal Law, § 265.20 only ‘ peace officers as defined in section one hundred fifty-four of the code of criminal procedure ’ [now CPL 1.20, subd. 33] are exempt. Since the special patrolmen to be appointed by the Police Commissioner would not be designated ‘ peace officers ’ under § 154 of the Code of Criminal Procedure [CPL 1.20, subd. 33], they could not possess firearms without a license ”.
Subdivision 33 of CPL 1.20 defines by enumeration a “ peace officer.” The plaintiffs as special patrolmen or special officers are not listed and thus by definition, are not peace officers within the meaning of the Criminal Procedure Law.
The plaintiffs, failing to be enumerated in section 1.20 of the Criminal Procedure Law, must pursuant to section 265.20 of the Penal Law seek licensing under section 400.00 of the Penal Law if they wish to carry firearms without potential criminal liability. Section 400.00 of the Penal Law contains the licensing provision for firearms. An application for licensing is reviewed by the Police Commissioner of the City of New York. Also subdivision e of section 434a-7.0 of the Administrative Code states that the special patrolman so appointed shall be subject to the orders of the Police Commissioner.
The Police Commissioner in the Rules and Regulations of the New York City Police Department, chapter 17, section 142.2, special patrolman, uniform and equipment, states in part: “ A special patrolman.desiring .to purchase a pistol shall obtain a letter signed by his employer stating that a pistol is required in the performance of his duties. ’ ’
The plaintiffs’ employer, the Department of Social Services, has issued no such letter and, in fact, forbids the carrying of a weapon while on duty. Rule 93.0(d) of the Rules and Regulations of the Social Service1 Police Patrol which govern the plaintiffs, prohibits the carrying of firearms by “ special officers ” while *749 on duty unless specifically authorized by the Commissioner of Social Services. No such authorization has been issued.
It is clear that plaintiffs are not peace officers as defined in the Criminal Procedure Law and that they have absolutely no authority in law or in the rules and regulations of the New York City Police Department or the Department of Social Services which would permit them to carry weapons while on duty.
The plaintiffs, at best, are limited peace officers who while on duty and while within the limited area of their jurisdiction, the social service center, possess the power and duty to make arrests, and restrain and detain persons. The intent of the Administrative Code section is clear. The plaintiffs do not have the right or power to carry firearms while in the performance of their duty. The special patrolman created by the Legislature has limited peace officer powers but is not a “ peace officer ” as defined in subdivision 33 of CPL 1.20.
The plaintiffs’ remedy is with the Legislature, not with the courts. In the case of Seagram & Sons v. Hostetter (45 Misc 2d 956, 961, affd. 23 A D 2d 933, affd. 16 N Y 2d 47) the court stated: “ Nor will the courts sit as a super-legislature to weigh the wisdom of each enactment brought before it, or decide whether policy which it expresses offends the welfare of a particular group. ’ ’
Accordingly, it is clear that the relief sought by plaintiffs predicated on plaintiffs ’ status as peace officers pursuant to section 265.20 of the Penal Law must be denied.
The plaintiffs’ claim that subdivision e of section 434a-7.0 of the Administrative Code is unconstitutional as vague is without merit. It is clear that every presumption will be indulged in to support and sustain legislation. A statute will not be held void for uncertainty if any reasonable and practical construction can be given to its language. Here, the clear meaning of the statute is readily deducible from the language of the statute and the accompanying legislative memorandum. The plaintiffs also argue subdivision e of section 434a-7.0 of the Administrative Code is unconstitutional, as lacking force and effect since it relates in part to two sections of the New York City Criminal Court Act which were repealed. This argument is also without merit. On September 1, 1971, the date of repeal of the sections referred to, the Criminal Procedure Law took effect. The provisions formerly found in the New York City Criminal Court Act can now be found in the Criminal Procedure Law.
Further even if a statute is found invalid in part, the invalidity of one part does not necessarily invalidate the entire *750 statute. The intent of the Administrative Code section would still be intact even if we deleted the portion of the statute which dealt with the two repealed sections of the Criminal Court Act.
In conclusion, it is clear that there is no basis upon which to grant the relief sought by the plaintiffs. The court is mindful of the serious incidents which have led plaintiffs to bring this action. However, this court is without power to change their status as created by the Legislature. Such relief can only be afforded by the Legislature.
The motion by defendants for summary judgment dismissing the complaint is granted. The cross motion is denied.