the administrative finding of the Board of Parole of violation by relator and its determination of revocation. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE H. LOCKWOOD, Appellant. (Appeal No. 1.)—Judgment insofar as it imposes sentence unanimously modified as a matter of discretion in the interest of justice by reducing the concurrent sentences to a maximum of three years and, as so modified, affirmed. Memorandum: Defendant has appealed, claiming that his sentences of concurrent indeterminate terms of imprisonment not to exceed seven and four years respectively are harsh and excessive under all the circumstances of his case. Defendant is 23 years of age, married and the father of two children. He had no criminal record prior to his conviction for the crimes for which he is now imprisoned. Upon graduation from a vocational high school he entered the United States Army from which he was honorably discharged with a letter of approval from his commanding officer which stated in part that defendant's "enthusiasm, aggressiveness and willingness to put forth more than the required effort are demonstrative of the Airborne spirit and the attitude of a professional soldier". He was gainfully employed at the time of his arrest. Defendant's record indicates that he recognizes the errors of his ways and that if given the opportunity he would rejoin society as a useful citizen. Accordingly, defendant's concurrent sentences are reduced to a maximum of three years. (Appeal from judgment of Erie County Court convicting defendant of attempted possession of weapons.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE H. LOCKWOOD, Appellant. (Appeal No. 2.)—Same decision and memorandum as in *People v Lockwood* (50 AD2d 1074). (Appeal from judgment of Erie County Court convicting defendant of robbery, third degree.) Present— Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BOETTNER, Appellant.—Judgment unanimously affirmed. Memorandum: We affirm on the opinion at Special Term. We find no authority to support the dicta in *People v Haskins* (48 AD2d 480) that would depart from the established rule that neither the Fourth nor Fourteenth Amendments proscribe private as opposed to governmental activity in the area of searches made and statements taken in the course of criminal investigative procedures (see *People v Gleeson,* 36 NY2d 462; *People v Horman,* 22 NY2d 378). (Appeal from judgment of Supreme Court, Monroe County convicting defendant of attempted criminal possession of controlled substance, sixth degree.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ. [80 Misc 2d 3.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CHARLES GOTTSHALL, Appellant.—Judgment unanimously affirmed. Same memorandum as in *People v Boettner* (50 AD2d 1074). (Appeal from judgment of Supreme Court, Monroe County adjudicating defendant a youthful offender.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ. [80 Misc 2d 3.]

■ LINCOLN FIRST BANK OF ROCHESTER, Respondent, v ALEXANDER GRABOWSKI, Appellant.—Order unanimously affirmed, without costs. Memorandum: Plaintiff is the assignee of a conditional sales contract between defendant and Culver Dodge, Inc., for the purchase of an automobile.