HON. ROBERT P. WHALEN, M.D. Commissioner of Health, Department of Health
This is in response to your recent letter wherein you ask my opinion as to whether or not Narcotic Enforcement Investigators duly designated pursuant to Public Health Law, § 3385(2), have the power to make arrests for violations of Article 33 of the Public Health Law and violations of Article 220 of the Penal Law.
Your letter stated that the Narcotic Enforcement Investigators have been designated pursuant to Public Health Law, § 3385(2). Public Health Law, § 3385(2) provides as follows:
 "2. For the purposes of this article, each employee of the department designated by the commissioner shall possess all of the powers of a peace officer." (Emphasis supplied.)
Criminal Procedure Law, § 1.20(33), sets forth the types of designated groups that are peace officers. A Narcotic Enforcement Investigator is not one of these enumerated groups. It is noted that the recommendation of the Law Revision Commission to the 1976 Legislature included Narcotic Enforcement Investigators as one of said enumerated groups.
A predecessor Attorney General held that certain officers of the Kings Park State Hospital, appointed pursuant to the Mental Hygiene Law under a section thereof which stated that, "[s]uch attendants and employees, acting as policemen, shall possess all the powers of peace officers on the grounds and premises of such institution and to the extent of one hundred yards beyond such grounds," are in fact peace officers to the extent set forth in said section of the Mental Hygiene Law, in spite of the fact that such officers were not enumerated under section 154 of the Code of Criminal Procedure (1930 Atty. Gen. 467). I supported that position in 1971 Atty. Gen. 37, and concluded that State University Special Policemen appointed pursuant to Education Law, §355(2)(m), which designated them as peace officers, were peace officers while on duty to the extent set forth in said section of the Education Law, § 1.20(33) (see also, People v. Perez,79 Misc.2d 88, Criminal Court of City of New York, 1974; and, People v.Wesley, 80 Misc.2d 1002, City Court of Buffalo, 1975).
Velez v. Sugarman, 75 Misc.2d 746, Supreme Court, New York County, 1973, in duscussing the powers of a Social Services Special Officer who possessed the powers of a peace officer as set forth by the Administrative Code of the City of New York, stated at page 749: "[t]he plaintiffs * * * are limited peace officers who while on duty and while within the limited area of their jurisdiction, the Social Services Center, possess the power and duty to make arrests * * *."
Public Health Law, § 3385(2), limits the peace officer powers of a Narcotic Enforcement Investigator to the enforcemant of Article 33 only. Article 33 of the Public Health Law is entitled Controlled Substances and deals with the possession, manufacture, dispensing, administering and distribution of controlled substances (Public Health Law, § 3301[a]). Public Health Law, §3396(2) deals with violations of Article 33 and the penalties that can be imposed for such violations, and states as follows:
"§ 3396. Violations; penalties
 "2. Violation of any provision of this article for which a penalty is specifically provided herein shall be punishable as provided herein. Violation of any provision of this article for which no penalty is provided herein shall be punishable as provided in section twelve-b of article one of this chapter or in the penal law."
As you mentioned in your letter to me, Article 220 of the Penal Law deals with controlled substances, and a violation of Article 33 herein would be considered unlawful pursuant to Article 220 of the Penal Law as well (Penal Law, § 220.00[2]). However, the express provisions of Public Health Law, § 3385(2) grants to the Narcotic Enforcement Investigator herein only the power as a peace officer to enforce Article 33.
Of course, any arrest made by an on-duty Narcotic Enforcement Investigator possessing the powers of a peace officer within the parameters of Public Health Law, § 3383(2), for a violation of Article 33 thereof, would have to be predicated on a finding of reasonable cause as set forth in Criminal Procedure Law, §140.25(1). Criminal Procedure Law, § 140.25(1) deals generally with the powers of a peace officer to arrest a person without a warrant.
Accordingly, I conclude that an on-duty Narcotic Enforcement Investigator appointed pursuant to Public Health Law, § 3385(2), possesses the power of a peace officer to make an arrest for a violation of Article 33 of the Public Health Law. Such an arrest, however, must be predicated on a finding of reasonable cause as set forth in Criminal Procedure Law, § 140.25(1).