OPINION OF THE COURT
Donald E. Belfi, J.
This court conducted a suppression hearing pursuant to CPL 710.20 (subds 1, 3) from October 19, 1977 to October 21, 1977.
FINDINGS OF FACT
On April 23, 1977, Richard McQuade, a store detective *981 employed by Gimbels in Roosevelt Field, Garden City, observed the defendant take either two or three pairs of men’s blue jeans from a rack in the men’s department and enter a fitting room in the immediate area. Outside the entrance to the fitting room is a sign (approximately 15 inches by 8 inches) containing the following sentence (in black on a white background): "These fitting rooms are being monitored for your protection and ours by a male detective.”
McQuade entered a storeroom area behind the cubicles in the fitting room and through a wooden louver facing downward into the third cubicle observed the defendant put on a pair of blue jeans, pin them up several inches above his ankle and put his own pants over them and exit the cubicle and fitting room. McQuade followed the defendant outside the store, identified himself as "Gimbel’s Security” and began to accompany the defendant back inside the store. The defendant suddenly dropped a jacket he was carrying and ran from outside the store with McQuade in pursuit. He caught the defendant near Meadowbrook Parkway and handcuffed him while he lay on the grass on his stomach. The assistant store manager, Gary Gross (who did not testify) arrived, followed by Michael De Pasquale, the store manager, who rode to the capture scene in a Nassau County Police car driven by Police Officer William Crabtree. The officer testified that while he was at Roosevelt Field on another matter, he was informed by the store manager that a shoplifter had escaped. He drove the store manager to the capture scene and along with De Pasquale drove the assistant store manager and the defendant back to Gimbels. He did not identify the defendant at the hearing and testified that he had no conversation with the handcuffed individual. He observed no search and left immediately after dropping the group at Gimbels, advising the store manager to call his relief for any further assistance.
In the security office the defendant removed his pants as well as the blue jeans that were under them at the direction of the store detective. Paper work was then completed including a police crime report form (85A) and a court information both of which had been supplied by the police department for Gimbels’ use.
McQuade presented a "criminal trespass” form and store partial form statement of admission to the defendant. Mc-Quade told him if the information in the "admission statement” were true to sign the statement. The defendant ap *982 peared to read the statement and signed both it and the “criminal trespass” form in McQuade’s presence saying, “I’m willing to admit what I did and I’ll do anything not to be arrested.” Defendant made further statements to McQuade. The testimony was that from the time defendant entered the security office until these forms were signed the only people present were the store employees. Police Officer Daniel Nahum arrived and testified that he was not present when the search took place or either when the "trespass form” or “statement of admission” was signed.
Police Officer Nahum then advised the defendant of his constitutional rights and defendant stated to him in response to the, question of why did you run, “It was a stupid thing to do.” The police officer then issued an appearance ticket to the defendant.
FINDINGS OF LAW
Although the District Attorney in his memorandum of law concedes that the fitting room is a constitutionally protected area, the court finds this of no moment since the observations of the store detective were those of a private individual employed by Gimbels and having no connection with a governmental agency, either directly or by agency. The observation was in pursuance of his responsibility to provide security for his employer. (People v Horman, 22 NY2d 378.) The protection afforded under the Fourth Amendment to the United States Constitution has not been applied to searches and seizures by persons other than government officers and agents. (Sackler v Sackler, 15 NY2d 40; People v Horman, supra.)
The People and the defendant both cite People v Diaz (85 Misc 2d 41). The factual situation in that case is very similar to this case. In that case the visual observation of the store detective, as well as all testimony and physical evidence derived therefrom were suppressed. This case is clearly distinguishable in that special patrolmen in New York City (store detectives) are licensed by the city and appointed by the Police Commissioner. The court, therefore, considered the store detective to be an agent of the government. Distinguishable for the same reasons are People v Smith (82 Misc 2d 204; People v Bowers (77 Misc 2d 697); and People v Brown (NYLJ, Dec. 15, 1970, p 19, col 2). This court in this case does not so hold for the reasons previously enunciated.
*983 The involvement of Police Officer Crabtree was incidental and transitory and as such did not interject the principle of direct government action or impute agency to the store detectives.
The seizure of the "Gimbels’ ” pants worn by the defendant under his own trousers is valid since it was done by private individuals. (Sackler v Sackler, supra; People v Horman, supra.)
The oral admissions and signed statement obtained by Richard McQuade were established by the People to be voluntarily made and admissible in evidence pursuant to CPL 60.45.
Police Officer Nahum, upon his arrival advised defendant of his Miranda rights and any statements made to him have been established by the People to also have been admissible in evidence pursuant to CPL 60.45.
Further, the court wishes to point out that in order to protect store property Gimbels has utilized a procedure that the court does not find obtrusive. By virtue of a sign posted outside the fitting room doors patrons are put on notice that their actions may be observed. The individual then has the right to use this area as he sees fit. If he chooses to use the fitting room he forsakes a reasonable expectation of privacy.
Defendant’s motion to suppress is in all respects denied.