Ralph A. Nappi, Esq. Counsel, Port Washington Police Department
This is in response to your letter wherein you ask whether special patrolmen in the Port Washington Police District can be authorized to carry guns. You state that the Port Washington Police District was formed in 1920 and is governed by the Nassau County Civil Division Act, known as Chapter 273 of the Laws of 1939. You further state that the special patrolmen are duly sworn prior to the performance of their duties.
Section 314.0, subdivision b, of the Nassau County Civil Division Act, provides in pertinent part that:
 "* * * Such special patrolmen shall be vested with all the powers and privileges and may perform all the duties of the patrolmen on the regular police force * * *"
Criminal Procedure Law defines a police officer as a sworn officer of an authorized police department or district (CPL, § 1.20 [34] [d]), and CPL, § 1.20 (33) (a), states that police officers are peace officers. The issue is whether the special patrolmen are included within the language of those sections and thus exempt from the licensing requirement of the Penal Law.
Unfortunately, the term "special patrolmen" is not defined anywhere in the current Criminal or Penal Law. The terms "patrolman" and "policeman," however, are used interchangeably in Article 2 of the Nassau County Civil Divisions Act and we must assume that a "patrolman" is a "policeman" (see McKinney's Statutes, § 124, and Black's Law Dictionary, 1283 [4th ed, 1951]) within the meaning of this 1939 Act. Considering the duties of the police department set forth in section 316.0 of the Nassau County Civil Divisions Act (inter alia: preserve public peace, prevent crime, arrest offenders and enforce laws), this is entirely consistent with the expressed intent of the revisors of the CPL to place the emphasis of law enforcement on members of organized police forces, sheriffs' departments and the like, as opposed to the quasi-law enforcement peace officers. (See Denzer, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL, § 1.20, p 23; 1972 Atty Gen [Inf Opns] 215.) As a sworn officer of the Port Washington Police Department, with all the powers and duties of a regular patrolman, it would appear that the "special patrolman" would fall within the CPL definition of "police officer" (supra).
We are mindful of the ruling in Velez v Sugarman (Sup Ct, NY County, 1973), 75 Misc.2d 746, but feel that it is readily distinguishable from this situation. Velez dealt with a special patrolman employed by the Department of Social Services and who had only the powers of a peace officer. The act which authorized the appointment of such a special patrolman (L 1970, ch 117) never authorized the possession of firearms. In fact, the intention to exclude those special patrolmen from the exemption of Penal Law, § 265.20, was clearly stated in its legislative memorandum (NY Legis Ann, 1970, p 63). No such intention is evident in the Nassau County Civil Divisions Act. Precisely the opposite intent can be inferred from § 314 (a), which authorizes the appointment of special patrolmen in the case of "* * * riot, pestilence, invasion or other emergency * * *" and from the powers given to them by §§ 314 (b) and 316 (supra). In such situations, it would seem desirable to have those special patrolmen armed. It would be neither practical nor expedient to require them to secure a permit before they could perform their duties.
By reason of the foregoing, we conclude that the special patrolmen in the Port Washington Police District are peace officers in accordance with the provisions of Penal Law, § 265.20 (1) (a) and they thus may possess any of the weapons otherwise prohibited by Penal Law, §265.01, 265.02, 265.03, 265.04, 265.05 and 270.05. This exemption is, of course, applicable only during the limited duration of the special patrolmen's appointment while on duty (see 1965 Atty Gen [Inf Opns] 95) and subject to any other limitation or condition imposed by the board of police commissioners.