■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY TAYLOR, Appellant.—Judgment, Supreme Court, Bronx County (Joan C. Sudolnik, J.), rendered January 20, 1987, convicting defendant, after a bench trial, of forgery in the second degree, criminal possession of stolen property in the second degree, attempted grand larceny in the third degree, petit larceny and criminal impersonation in the second degree, and sentencing him to indeterminate terms of incarceration of from 2 to 4 years for the forgery conviction, 1½ to 3 years for the criminal possession of stolen property conviction, and definite terms of incarceration of one year each for the convictions of attempted grand larceny, petit larceny and criminal impersonation, all sentences to run concurrently, is unanimously affirmed.

Defendant was apprehended after he and his accomplice, Yasmin Weaver, attempted to use a stolen credit card at a department store. Defendant had persuaded Ms. Weaver to use the stolen credit cards. At trial, defendant admitted that he fabricated the explanations he gave to the store officials regarding the credit cards.

Defendant urges that his accomplice's testimony was insufficiently corroborated. However, the evidence provided by the sales floor supervisor and the store detective more than adequately connected defendant with the crime and enabled the court to reasonably determine that Ms. Weaver was telling the truth. *(See, People v Daniels,* 37 NY2d 624 [1975].) Defendant's false exculpatory stories, combined with both the direct testimonial evidence of Ms. Weaver and the corroborative evidence, were sufficient to establish guilt beyond a reasonable doubt.

We also reject defendant's second argument that his counsel was inadequate and ineffective and that his rights under the Sixth and Fourteenth Amendments of the US Constitution were violated. The sole ground alleged for this contention is that defendant's counsel failed to move to suppress physical

evidence, specifically a credit card, taken from his person. It is clear, however, that the card was taken from his person not by the police, but by private store detectives. Thus, the Fourth Amendment was inapplicable. *(See, People v Horman,* 22 NY2d 378 [1968], *cert denied* 393 US 1057 [1969]; *People v La Fauci,* 91 Misc 2d 980 [Dist Ct, Nassau County 1977].) Moreover, a failure to move to suppress physical evidence does not, in and of itself, establish the ineffective assistance of counsel. *(People v Rivera,* 71 NY2d 705 [1988]; *People v De Mauro,* 48 NY2d 892 [1979]; *People v Hill,* 122 AD2d 810, 811 [2d Dept 1986].) Finally, the record does not establish that but for counsel's alleged errors, the result would have been different. *(See, Strickland v Washington,* 466 US 668 [1984], *reh denied* 467 US 1267 [1984].) Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.