OPINION OF THE COURT
Leon Ruchelsman, J.
The defendant in this case is being charged with violating Penal Law § 165.40 when he allegedly took a red machine from a water pollution control plant on January 29, 1993, at 12266 Flatlands Avenue in Kings County. At about 6:00 a.m. of that day, one of the plant employers got on a walkie talkie and announced that an unknown person was walking out with private property belonging to the plant. Jesus Serrano, a security guard employed by a private security company, responded to the area immediately and saw the man walking out of the gate. The guard also noticed that the gate chain and the padlock were on the floor. Serrano asked the defendant where he had acquired the machine and he told Serrano that he found it in the water treatment plant. Serrano then detained the defendant and never gave the defendant Miranda warnings. Serrano did recover other physical property from the defendant and asked him a few questions relating to the incident. A police officer arrived at the scene shortly thereafter and placed the defendant under arrest on the city-owned land.
5TH AMENDMENT ISSUE
The 5th Amendment privilege against self-incrimination which Miranda warnings are designed to protect has never been held to apply where private security personnel have questioned a defendant without any participation from the government. The purpose of the Miranda warnings is to protect the individual’s constitutional rights against illegal government intrusion. (Miranda v Arizona, 384 US 436, 445.) In a private investigation though, Miranda warnings need not *368 be given. However, private conduct may become so pervaded by governmental action as to pierce the shield of private investigation into public constitutional scrutiny. (People v Jones, 47 NY2d 528; People v Esposito, 37 NY2d 156, 160; People v Adler, 50 NY2d 730, 737.) For private conduct to be turned into State action, there must be a clear nexus between the police and a private investigation. (People v Horman, 22 NY2d 378.)
In this present case, there is wanting evidence of public involvement in the private investigation and detainment of the defendant. The mere fact that the land where the alleged offense took place was city owned does not alone constitute government action necessitating Miranda warnings being given to the defendant. Additionally, "[t]he private surveillance, apprehension and questioning of [the] defendant was in no way instigated by [a police officer] or undertaken upon the official behest of a law enforcement agency.” (People v Ray, 65 NY2d 282, 286.) Therefore, the defendant’s motion to suppress statements made is denied.
4TH AMENDMENT ISSUE
When a police officer makes an unlawful arrest or conducts an illegal search, the Fourth Amendment of the United States Constitution requires exclusion of any evidence secured by illegal means. (Mapp v Ohio, 367 US 643; People v Howard, 50 NY2d 583.)
The exclusionary rule which protects persons against unlawful searches and seizures is inapplicable where a private security officer stops an individual, detains him and recovers certain properties from the person. "The origin and history (of the Fourth Amendment) clearly show that it was intended as a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies.” (Burdeau v McDowell, 256 US 465, 475.)
The private guard, securing an area that is publicly owned, is not working closely with the police department or any other governmental law enforcement agency. This private security guard is no more subject to the restrictions of the Fourth Amendment than the department store security manager (People v Horman, 22 NY2d 378, supra), the safety official at a State psychiatric center (People v Cibelli, 94 Misc 2d 316) or the faculty member of a high school in charge of discipline (People v Jackson, 65 Misc 2d 909, affd 30 NY2d 734). Such *369 individuals, operating in a private capacity, are completely distinguishable for Fourth Amendment purposes from those who have an obvious nexus to governmental police enforcement or are otherwise obviously working with the police. (For examples, see, People v Jones, 47 NY2d 528; People v Smith, 82 Misc 2d 204; People v Diaz, 85 Misc 2d 41.)
Therefore, the defendant’s application to suppress any physical evidence seized by the security officer is denied. Even if the exclusionary rule were to be applicable here, the circumstances of the defendant being seen by the officer exiting a gate where the lock has been broken, the officer observing the defendant pushing a wagon with a red machine inside it, and the announcement of a person walking out of the plant with private property, gave the officer more than enough reasonable suspicion to stop, detain and frisk the defendant.
DECISION
Accordingly, defendant’s motion to suppress statements made and physical evidence seized is denied.