Louis Otten, J.
Petitioner, former wife of respondent, seeks enforcement of the provisions of an order of the Superior Court, *436 Fairfield County, Connecticut, dated May 13, 1969, for the support of the three children of the marriage. The above-mentioned order of the Connecticut court was made in a habeas corpus proceeding brought by this respondent as petitioner for enforcement of the visitation provisions contained in a separation agreement dated December 4, 1967 which was incorporated, but not merged, into a Mexican divorce decree dated December 21,1967. By stipulation dated August 3,1970, the parties effected a modification of the judgment of the Connecticut court relating to the visitation arrangements, which stipulation also contains provisions for the support of the children.
Petitioner resides with the children in Fairfield County, Connecticut. Respondent resides in New York County, New York. The parties were married and the separation agreement made in the State of New York.
Respondent moves to dismiss for lack of jurisdiction. The motion is grounded on paragraph 16 óf the separation agreement dated December 4, 1967, which states: 11 This agreement shall be governed by the laws of the State of New York, and be administered solely by the Supreme Court of the State of New York, County of New York ”.
Except for the above-quoted language of the agreement, the jurisdiction of this court to entertain the petition is clear under section 461 of the Family Court Act. That section in unambiguous terms, gives to the New York State Supreme Court, and only to that court, the power to oust the Family Court of jurisdiction to enforce or modify the child support provisions of its order. No such power is given to either the Mexican or Connecticut court.
However, the parties have by their agreement, incorporated by reference into both the Connecticut and the Mexican decrees, specified that it may be “ administered ”, i.e. enforced, solely by the Supreme Court of the State of New York, County of New York. The parties are bound by their agreement unless waived, violative of the law or public policy of the forum, or impossible of performance.
The clause in question, on the one hand, is not an arbitration agreement which would be supported by specific statutory sanction making it enforceable (CPLR 7501 and formerly Civ. Prac. Act, § 1448 et seq.). On the other hand, the provision does not purport to oust the jurisdiction of all the courts of this State. Hence the cases holding such a provision to be invalid are not identical to the situation here involved. (Meacham v. Jamestown, Franklin & Clearfield R. R. Co., 211 N. Y. 346; Parker v. Krauss Co., 157 Misc. 667, affd. 249 App. Div. 718.)
*437 However, the agreement does purport to oust the jurisdiction of all the courts of this and all other States with the single exception of the Supreme Court, County of New York. That court would have jurisdiction of this case had it been commenced there. Nevertheless the principle governing this controversy is well stated by Judge Cardoyo in his concurring opinion in Meacham v. Jamestown Franklin & Clearfield R. R. Co., (supra, p. 354) as follows: “ If jurisdiction is to be ousted by contract, we must submit to the failure of justice that may result from these and like causes. It is true that some judges have expressed the belief that parties ought to be free to contract about such matters as they please. • In this state the law has long been settled to the contrary. (Sanford v. Commercial Travelers’ Mut. Acc. Assn., 86 Hun 380; 147 N. Y. 326; Nat. Contracting Co. v. Hudson R. W. P. Co., 192 N. Y. 209. See, also, Miles v. Schmidt, 168 Mass. 339; Fisher v. Merchants’ Ins. Co., 95 Me. 486.) The jurisdiction of our courts is established by law, and it is not to be diminished, any more than it is to be increased, by the convention of the parties.”
The law of the State of New York has established jurisdiction in the Family Court. Accordingly, the motion to dismiss is denied.