Oscar Murov, J.
The Legal Aid Society of Suffolk County
seeks an order herein modifying a prior order of this court (People v Wheat, Feb. 10, 1975 [Murov, J.]), wherein representation by said society of the defendant, Rosetta Wheat, was ordered terminated unless the defendant assented to an arrangement providing for her to make partial payments for the representation.
*935 It is counsel’s contention that the effect of the court’s order is to require the performance by the legal aid society of an act in contravention of the society’s corporate charter. Counsel presents three additional arguments in support of this application: (1) representation of a defendant for a fee contravenes the spirit and intent which led to the creation of the legal aid society; (2) representation under such circumstance is beyond the scope of the constitutional guarantee as defined by Gideon v Wainwright (372 US 335); and (3) defendant has failed to timely comply with the provisions of the court’s order.
Leo P. Davis, Esq., who has been representing the defendant solely for the purpose of the application underlying the court’s order has written to the court promising to cross-move for an order appointing an attorney from the rotating list to represent the defendant. The court has not received Mr. Davis’ cross motion even though the notice of motion indicates Mr. Davis was served with a copy of said notice, and Mr. Davis’ letter will not be regarded here as his cross motion (see Rules of the Appellate Division, Second Department, 22 NYCRR 670.3 [h]). The court would note in this regard that the court file contains other letters from Mr. Davis written at earlier times and requesting the court’s aid regarding other aspects of this matter. The court would take this opportunity to condemn such informal practice and would instruct counsel to comply with formal motion procedure hereafter.
Returning to the arguments of the legal aid society, the court would inform counsel regarding the question of defendant’s untimely compliance, that the court, in response to one of Mr. Davis’ earlier letters informally extended the time for compliance and does so formally nunc pro tunc.
The court would further direct counsel’s attention to the plan of the Suffolk County Bar Association. The applicable portion thereof pertaining to the legal aid society provides as follows:
"I. The Legal Aid Society
"Under this plan, whenever a determination has been made by a court that a defendant is entitled to representation under Article 18-B of the County Law, the court shall designate and appoint the Chief Attorney of the Criminal Division of the Legal Aid Society of Suffolk, Inc., as the attorney of record for the defendant in all cases unless the court shall determine *936 that the Legal Aid Society is unable to furnish counsel because of conflict of interest or any other valid reason, or unless, in a case involving a crime punishable by death or life imprisonment, the court shall determine, in its discretion, that an attorney should be appointed from a panel as hereafter provided.”
This court has determined that the defendant is entitled to representation under article 18-B of the County Law, specifically section 722-d thereof which provides in substance that where it appears a defendant is financially able to make part payment, the court may, as the interests of justice dictate, authorize payment to the "private legal aid bureau or society”. The court’s action complies fully with criminal justice standards of the American Bar Association and more importantly, the court’s statutory authority.
Section 6.2 of the Approved Draft of the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Providing Defense Services (1968, p 55) provides as follows:
"6.2 Partial eligibility.
"The ability to pay part of the cost of adequate representation should not preclude eligibility. The provision of counsel may be made on the condition that the fund available for the purpose be contributed to the system pursuant to an established method of collection.”
What the proposed standard seeks to avoid is a system which provides a high quality of representation of those at the extreme ends of wealth and poverty while those of moderate means are ignored. The one qualifying feature of the proposed standard which provides that "the fund available for the purpose be contributed to the system pursuant to an established method of collection”, should not, in the absence of such a system for collection, defeat the primary objective. In this connection, the court would point out that the certificate of extension of corporate purposes of Legal Aid Society of Suffolk County sets forth as one of the purposes for which the corporation was formed, "to solicit and provide the funds necessary to employ attorneys and others”.
If, as counsel contends, the corporate purposes of the legal aid society do not permit the performance of functions the society has been designated to perform, then appropriate action should be undertaken to reconcile the society’s corporate powers with its statutory responsibility.
*937 In view of all of the foregoing, the court adheres to its previous decision and this motion for a modification of said determination is hereby denied in all respects.