Allen Beldock, J.
At the conclusion of a preliminary hearing, the defendants move to dismiss charges of obstructing governmental administration (Penal Law, § 195.05) brought against both defendants on the grounds that the alleged victim of the said obstructing is a special patrolman and that a special patrolman is not a public servant within the purview of section 195.05 of the Penal Law. The disposition of this contention requires a reading together and analysis of three statutes: (1) section 195.05 of the Penal Law (obstructing governmental administration), (2) subdivision 15 of section 10.00 of the Penal Law which defines a "public servant” and (3) subdivision c of section 434a-7.0 of the Administrative Code of the City of New York (special patrolmen; when may be appointed).
Section 195.05 of the Penal Law states that "A person is guilty of obstructing governmental administration when he * * * prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference”. This portion of this section is the only part of the statute applicable to this case and in order for there to be a violation of this section in this case, the individual who is victimized must be a public servant.
Subdivision 15 of section 10.00 of the Penal Law defines a *807 public servant as "(a) any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state, or (b) any person exercising the functions of any such public officer or employee. The term public servant includes a person who has been elected or designated to become a public servant.” The practice commentary on this section (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, CPLR 10.00, p 22) states that the term public servant "is defined broadly enough to include * * * every person specially retained to perform some government service.”
Subdivision c of section 434a-7.0 of the Administrative Code of the City of New York gives the Police Commissioner of the City of New York the authority to appoint special patrolmen and states that such special patrolmen "during the term of their holding appointment possess all the powers and discharge all the duties of the force, applicable to regular patrolmen.”
Since it is unquestionable that a "regular patrolman” of the police force of the City of New York is a public servant under section 10.00 (subd 15, par [a]) of the Penal Law and since, under subdivision c of section 434a-7.0 of the Administrative Code of the City of New York, a special patrolman has "all the powers and is to discharge all the duties of the force”, the conclusion that a special patrolman is a person exercising the functions of a "public officer or employee” and has been "designated to become a public servant” as set forth in subdivision 15 of section 10.00 of the Penal Law and therefore is a public servant is inescapable. Furthermore, since a special patrolman has all the powers of a police officer, he may issue an appearance ticket pursuant to CPL 150.10 and 150.20 and this authority further substantiates his status as a public servant. The fact that authority to issue an appearance ticket renders a nonpolice officer a public servant is treated in the opinion in People v Woodford (85 Misc 2d 213) by Judge Delin of the County Court, Nassau County, wherein bribery of a security officer of a State university was held to constitute bribery of a public servant under the bribery statute, section 200.00 of the Penal Law, which requires the recipient of the benefit to be a public servant in order for there to be a violation of that section.
The status and authority of special patrolmen with regard to charges of resisting arrest (Penal Law, § 205.30) are the *808 subject of apparently conflicting opinions by two of my colleagues (People v Rivera, 72 Misc 2d 985, Judge Abruzzo and People v Perez, 79 Misc 2d 88, Judge Goldfluss). I am inclined to agree with the position and logic of the Perez case. The reasoning of Judge Goldfluss in reaching the conclusion that a special patrolman can be the victim in a resisting arrest charge is applicable to the case at bar. (See, also, People v Jackson, 72 Misc 2d 297 and Velez v Sugarman, 75 Misc 2d 746.)
Since this court finds a special patrolman to be a public servant, there is no need to consider other points raised by the defendants in their memorandum or on the argument of the motion to dismiss after the preliminary hearing. The motions to dismiss the charges of obstructing governmental administration and assault are denied as to both defendants and they are held for trial on those charges since I find reasonable cause to believe the defendants committed those offenses.