## (July 11, 1977)

■ In the Matter of THEODORE ROSENBERG, Petitioner, v JOHN F. KEENAN, as Special State Prosecutor, Respondent.—In this case in which the defendant has been indicted for attempted grand larceny in the second degree (Indictment No. S. P. O. K-61/77) by a Grand Jury empaneled for an Extraordinary Special and Trial Term appointed by executive order pursuant to subdivision 1 of section 149 of the Judiciary Law, he moves in this court, by permission granted pursuant to subdivision 2 of the same section, to prohibit the Special Prosecutor from conducting any further proceedings on this indictment or, alternatively, for dismissal of the indictment. Motion granted to the extent that the Special Prosecutor is prohibited from taking any further proceedings with respect to the subject indictment. Motion denied in all other respects. In 1974 defendant was indicted, along with another, and charged with the crimes of conspiracy, attempted bribery and attempted grand larceny (Indictment No. S. P. O. K-8/74). That indictment was subsequently dismissed, with leave to resubmit. The successor indictment (Indictment No. S. P. O. K-61/77) charges only attempted grand larceny in the second degree and, more particularly, that between May 29, 1973 and December 20, 1973, defendant attempted to steal $37,500 from Giovanni Reyes, a client of the defendant attorney, through Frank Giudice, then a law secretary to a Supreme Court Justice. The theory of the original indictment was that defendant had secured this money from his client in an attempt to fix the outcome of a then pending criminal proceeding against the client. The successor indictment is based upon the theory that this money was stolen from the client by the use of false representations of a fix and bribery. Defendant asserts that it is clear we are no longer dealing with alleged corruption in the criminal justice system and, hence, that the matter is without the authority of the Special Prosecutor. The fact that the larceny was attempted through a public servant (Giudice) is viewed as irrelevant insofar as Giudice's role, according to defendant, was that of a mere "courier". The Special Prosecutor contends that Giudice was more than a mere courier and that he used the latter's official position and the criminal justice system as a whole to carry out his larcenous scheme. We agree with defendant. The Special Prosecutor has proffered no evidence that defendant has corrupted or attempted to corrupt any public servant, including Giudice. Indeed, he virtually concedes that what is involved in this case is not corruption but the appearance of corruption. In our view, however, the issue is even more limited, for what we really have here is a larcenous scheme attempted to be carried out by means of concededly false representa-

tions of corruption within the criminal justice system. That an attorney specializing in criminal law, such as defendant, boasted that he could corrupt a Judge and perhaps members of the District Attorney's office, which boasting might have reinforced a belief in the public mind that the system was, in fact, corrupt, is not to be condoned. But once it is conceded that such representations were entirely false and that defendant never approached anyone in an attempt to fix his client's case, merely seeking to consummate a larceny upon his own client, all basis for the Special Prosecutor's jurisdiction to act herein disappears. In short, we have no "alleged acts and omissions by any person [defendant] *arising out of, relating to or in any way connected with corrupt acts or omissions by a public servant or former public servant* arising out of, relating to or in any way connected with the enforcement of law or administration of criminal justice in the City of New York" (Executive Order No. 58 [9 NYCRR 1.58]; emphasis added). Finally, we would add that even if defendant did induce Giudice to "wrongfully" supply him with advance notice of judicial assignment schedules, concededly the only manner in which defendant possibly used Giudice's official position in aid of his scheme, the nexus between that act and the attempted larceny charged in the indictment is far too tenuous to support the Special Prosecutor's claim to jurisdiction. We reject defendant's alternative request for dismissal of the indictment. Rather, we grant the motion to prohibit the Special Prosecutor from prosecuting defendant on the instant indictment. Such prosecution should be undertaken by the District Attorney of Kings County (cf. *Matter of Dondi v Jones,* 40 NY2d 8). Shapiro, J. P., Hawkins, Suozzi and O'Connor, JJ., concur.