OPINION OF THE COURT
Leonard H. Sandler, J.
The defendant, an attorney, moves this court to inspect the Grand Jury minutes and upon inspection to dismiss for legal insufficiency an indictment filed by an Extraordinary and Special Grand Jury charging him with attempted grand larceny in the first degree by extortion (two counts), attempted coercion in the second degree (one count), and misconduct by attorneys in violation of section 487 of the Judiciary Law (one count).
The court has examined the Grand Jury minutes which disclose that the defendant, a member of the Indigent Defendants Legal Panel (the 18-B panel designed to provide counsel to indigent offenders), was in the usual course assigned to represent a Mr. Lebrón charged in New York County with a certain crime. Mr. Lebrón testified that the defendant told him in substance that he would require money, in addition to that provided by law, if he was to represent him in the most effective way. The amount requested was $1,000.
Mr. Lebrón was led to discuss the situation with the District Attorney’s office, following which he had a recorded telephone conversation with the defendant who confirmed the request for money.
Thereafter, having received money for the purpose of the investigation then being conducted into the defendant’s behavior, Mr. Lebrón handed to the defendant $500 in serialized money which the latter accepted. The defendant was thereupon arrested and found in possession of $495 of the serialized money.
The principal legal questions presented as to the first three counts of the indictment are adequately indicated by an analysis of the first count. That count charged the defendant with attempted grand larceny in the first degree by extortion, alleging that he sought to "compel or induce his client to deliver property to him, by means of instilling in his client a fear that if the property was not delivered, the defendant would use or abuse his position as a public servant by failing or refusing to perform an official duty, in such a manner as to affect his client adversely.”
*256 The evidence before the Grand Jury supports the conclusion that the defendant’s alleged actions would constitute a means of instilling fear that his representation of Mr. Lebrón would be affected by whether or not he received additional funds from Mr. Lebrón to which he was not entitled.
The principal issue is whether or not the defendant, as required by the relevant sections underlying the first three counts, was a public servant and whether or not his representation of Mr. Lebrón involved the performance of an official duty.
"Public servant” is defined in subdivision 15 of section 10.00 of the Penal Law, in pertinent part, as follows: "(a) any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state, or (b) any person exercising the functions of any such public officer or employee.”
The Practice Commentaries amplify this definition by stating that the term includes "every person specially retained to perform some government service.” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 10.00, p 23.)
The precise question thus is whether or not an attorney assigned to represent a defendant in a criminal case under the circumstances described is "exercising the functions of any * * * public officer or employee” or has been "specially retained to perform some government service.”
The panel of which the defendant was a member was one of several alternative means authorized by article 18-B of the County Law in an effort to provide adequate legal representation for indigent persons charged with crimes. This particular method involved the creation of a panel for that purpose in accordance with the plan of a Bar Association which plan receives the approval of the (then) Judicial Conference. It is regulated by section 722-b of the County Law, which explicitly provides as follows: "No counsel assigned hereunder shall seek or accept any fee for representing the party for whom he is assigned without approval of the court as herein provided.”
There appear to be no cases in this State squarely passing on the issue presented of whether or not a member of such a panel, in his representation of a defendant, is a public servant as defined in subdivision 15 of section 10.00 of the Penal Law quoted above. Nor indeed do there appear to be any New York *257 cases which are close enough to this issue to provide any meaningful assistance.
The closest authority has developed in Federal cases involving lawsuits against public defenders and the like under the Civil Rights Laws (US code, tit 42, § 1983), in which the question presented has been whether or not such a person was acting "under color of’ law. This question has been uniformly answered in the negative. (See United States ex rel. Simmons v Zibilich, 542 F2d 259; Watts v McGowan, 516 F2d 203; Brown v Joseph, 463 F2d 1046.)
Given the different character of the statutory problems posed, the holdings of these cases would not automatically be authoritative here. However, the reasoning relied upon by the various Circuit Courts of Appeal is very much to the point. Thus, in the Brown case (supra, p 1047), the court quoted with approval the following contention of the Public Defender: "The Public Defender argues that once his appointment in a given case is made, his public, or state, function ceases, and that thereafter he functions purely as a private attorney, concerned with and absorbed with one interest — that of serving a private client. His professional relationship with his client takes on all the incidents and considerations attendant upon a private attorney-client relationship, except one: the public pays his fee.”
I find this analysis of the relationship between an assigned counsel and his client to be convincing and to require a holding that the defendant did not here act as a public servant, notwithstanding my strong view that the behavior alleged here merits criminal sanctions.
Accordingly, the first three counts of the indictment must be and are dismissed.
A separate question, and one that I find more difficult, is presented by the fourth count of the indictment, charging the defendant with misconduct by an attorney in violation of section 487 of the Judiciary Law.
That section provides in pertinent part:
"An attorney or counsellor who:
"1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party * * * [i]s guilty of a misdemeanor”.
As particularized in the indictment, it is charged that the defendant "intentionally deceived the court, the 18B Panel, *258 and the City of New York in that he solicited, agreed to accept and in fact did accept $500 from his client, Lebrón, in an effort to collect a fee to which he was not legally entitled”.
I am satisfied that the solicitation by 18-B counsel of unauthorized additional compensation from his assigned client, and the client’s agreement to furnish such money, would constitute a collusion of the kind contemplated by the statute, and that the circumstances described in the testimony would support the inference of an "intent to deceive the court.” However, the count as set forth in the indictment, going beyond the statutory language, charges that the defendant "intentionally deceived the court, the 18B Panel, and the City of New York” and the evidence does not seem to me to support a completed deception. Accordingly, this count must also be dismissed, although with leave to an appropriately authorized prosecutor to re-present to another Grand Jury.
A further question, unmistakably raised by the recent decision of the Appellate Division, Second Department, in Matter of Rosenberg v Keenan (58 AD2d 819) is whether the Office of Special Prosecutor is authorized under the executive order establishing it (9 NYCRR 1.55) to investigate and prosecute criminality of the kind alleged in this count. The issue was not argued before me and I think it unnecessary to determine at this time.
It is sufficient to hold that the fourth count is dismissed without prejudice to a re-presentation to a Grand Jury by an office authorized to do so.