OPINION OF THE COURT
Howard Miller, J.
The within application for counsel fees is denied without prejudice to any fee which the attorney may receive as assigned counsel under section 722 of the County Law. The applying attorney was assigned to represent the petitioner as an assigned counsel.
There appear to be few available decisions on this issue. One case, People v Matalon (92 Misc 2d 254) involves a Public Defender attorney seeking additional fees from a defendant in a criminal proceeding. While a criminal count of extortion arising out of such demand for said additional fee was dismissed as against the attorney, the matter was referred back to the Grand Jury. People v Matalon (supra), discussed some Federal cases concerning the nature of the services rendered by a Public Defender. These Federal cases, in essence, stated *192 that the relationship of the attorney (Public Defender attorney) with his client takes on all of the incidents of a private attorney-client relationship except one; "the public pays his fee”. Where it developed that a defendant was not indigent, the court had the authority to order that the representation of defendant by Legal Aid Society be terminated unless defendant consented to partial payment for representation (People v Wheat, 81 Misc 2d 934; County Law, § 722-d).
An assigned attorney under article 18-B of the County Law is a public servant where acting in that capacity. In reviewing the definition of a "Public servant” (Penal Law, § 10.00, subd 15) a nonpolice special officer was held to be a public servant (People v Lewis, 87 Misc 2d 806); a State University security officer was held to be a public servant (People v Woodford, 85 Misc 2d 213). The Practice Commentaries in McKinney’s under section 10.00 of the Penal Law includes in the definition of "public servant”: "every person specially retained to perform some government service”. (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 10.00, p 23.) The concept of protecting the rights, constitutional and material, of an indigent person is a government service to provide such indigent person with legal services to protect his rights, possible loss of freedom or loss of his child. This concept runs through both section 722 of the County Law and sections 261 and 262 of the Family Court Act.
An attorney, who, by reason of preference in being designated as assigned counsel in a particular matter, should not, by this appointment, be placed in a priority position to secure fees other than those fees as "contracted” (per fee schedule for assigned counsel) as a panelist on the assigned counsel list. The practice suggested by the within application for counsel fees as against the respondent would tend to create inequality between a panel attorney and a nonpanel attorney in the securing of business by voluntarily taking an appointment as assigned counsel and then, in effect, converting such assignment into a private matter.
The court system with the co-operation of the Bar has provided pro bono publico services to indigent litigants. Counsel traditionally provided such services not in order to obtain a fee, but, rather, in order that indigents would be able to obtain competent legal representation. Counsel neither expected nor was entitled to counsel fees for such services.
Enactment of article 18-B of the County Law should not be *193 taken as a renunciation of this grand tradition. As the Court of Appeals stated in Matter of Werfel v Agresta (36 NY2d 624, 626-627): "Finally, plans under sections 722, 722-a and 722-b of the County Law are designed to ease the burden of lawyers who serve in assigned capacities in the representation of indigent criminal defendants. The lawyers who participate do so willingly, in the highest traditions of the profession, knowing that the limited fees provided fall short of full, or even fair, compensation for their services (People v Perry, 27 AD2d 154, 158). In so participating, the lawyers undertake an important public service, which before the statute was enacted, they performed without any compensation at all (id.). Petitioner’s own services were performed voluntarily, with high competence and with complete success on behalf of his client. Those services exemplify the purpose of the statute and the tradition of the profession.” (People v Washington, 83 Misc 2d 807.)
Therefore, article 18-B ought to be viewed as an ameliorative partial provision, not as an abandonment of the pro bono publico concepts. The statute is not intended to change the nature of assigned counsel’s obligations and expectations, except insofar as it provides for some limited compensation. This should not be read to open the floodgates to permit assigned counsel to assert a claim for fees against sources other than the county, in excess of statutory fees. The assignment of counsel has been based on a prior determination that the client, here the petitioner, could not afford to retain counsel. It is in this capacity that the attorney was assigned.