OPINION OF THE COURT
Howard Miller, J.
The mother of a child born October 3, 1976, seeks the *758 deposition of the respondent concerning his finances. The within proceeding concerns support for the child who is the subject of this proceeding. For the purpose of this decision, the mother will hereafter be referred to as the petitioner. The respondent was adjudicated as the father of the said child. The paternity proceeding herein was commenced by the Department of Social Services on behalf of the mother who is a recipient of public assistance.
Objections by the respondent have been made as to the right of the mother to retain private counsel to prosecute the within support portion of the proceedings and the respondent further objects to any request by the said attorney for counsel fees. The substance of the arguments advanced by the respondent is that this proceeding was commenced by the Department of Social Services on behalf of the petitioner through the County Attorney’s office, the authorized representative of the Department of Social Services, and that only the County Attorney can appear for the Department of Social Services (Family Ct Act, § 535; County Law, § 501, subd 1); that no authorization for substitution of attorney or retention of counsel for the purposes of appearing for the Department of Social Services has been made by the county legislature pursuant to section 66 of the Social Services Law.
The court finds that it has no jurisdiction to consider the propriety of the administrative act of an administrative body or agency thereof, in this case the Department of Social Services and the County Attorney. The Family Court is a court of limited powers other than those granted to the court (Matter of Borkowski v Borkowski, 38 AD2d 752; Matter of Donne v Pace, 74 Misc 2d 127) nor can the parties confer jurisdiction upon the Family Court beyond those powers established by law (Matter of Duffy v Duffy, 67 Misc 2d 435).
The case of Matter of Castelonia v Castelonia (99 Misc 2d 191) submitted in the memorandum of the respondent, which case was heretofore decided by this court, must be distinguished from the case at bar. The Castelonia case concerned an attorney assigned from a panel of assigned counsel and in the case at bar the substitute attorney was selected by the petitioner out of her own choice and not appointed by the court from a panel. This court must, therefore, hold that it is not within the powers granted to this court to rule as to whether or not the substitution herein was within the power of the County Attorney. There are other means within the *759 jurisdiction of the Supreme Court to hear such issues. The court will accept the substitution herein as submitted.
The issue of the right to counsel fees and any award thereon is dismissed without prejudice as being premature at this time with leave to submit such motion at the close of the hearing.
That portion of the motion directed towards the taking of the deposition of the respondent is denied without prejudice. The court having required the parties to exchange statements pursuant to section 250 of the Domestic Relations Law (as provided by Family Ct Act, §§ 562, 424-a). The taking of the depositions is premature at this time. There is no satisfactory showing to the court that the respondent has not or will not comply with the directives of the court or to exchange statements pursuant to section 250 of the Domestic Relations Law. The use of the deposition to supplement the materials provided in the statement under section 250 of the Domestic Relations Law is appropriate to provide a means to guarantee the reliability of the statements made therein (Garrel v Garrel, 59 AD2d 885; 2 Foster & Fried, Law and the Family, § 22:33, 1979 Supp, p 79) nor would such examination be limited to the official form of the net worth (Rubin v Rubin, 89 Misc 2d 245). It would be premature to permit a deposition of discovery at this time for material which could be supplied by the compliance with the requirement under section 250 of the Domestic Relations Law. The court will not anticipate that the respondent will not comply with the direction of this court to provide a statement pursuant to section 250 of the Domestic Relations Law and any further action will have to be determined by the manner in which the circumstances develop.