■ The People of the State of New York, Respondent, v Rafael Mendoza, Also Known as Raphael Mendoza, Appellant.—Judgment, Supreme Court, New York County (Howard E. Bell, J., at suppression motion, plea and sentence), rendered August 7, 1990, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The IAS Court properly denied defendant's motion for a *Mapp* hearing on the ground that the motion and response papers established that the stop and search of defendant herein was conducted by a private store security guard, with no governmental participation *(People v Jones,* 47 NY2d 528, 533). The clearly speculative allegation set forth in defendant's moving papers, that the private store security guard who stopped and searched him was "either a licensed peace officer or working under the supervision of a licensed peace officer" (refuted by the People's response) did not meet the statutory requirement of sufficient sworn allegations of "fact" to support the granting of a hearing (CPL 710.60 [1]; *People v Holder,* 149 AD2d 325, 326, *lv denied* 74 NY2d 794).

Defendant was properly adjudicated a predicate felony offender despite the circumstance that at the time of his sentencing herein the basis for the adjudication, criminal possession of stolen property worth at least $250, had been reduced to a misdemeanor. There is no plainly manifested legislative intent to apply the 1986 ameliorative amendment of Penal Law § 165.45 in a retroactive manner, so as to affect defendant's 1985 felony conviction and sentence thereunder *(see, People v Behlog,* 74 NY2d 237, 240).

The distinction set forth in Penal Law § 70.06 between consideration of prior New York State, and prior foreign felony convictions, rationally related to the legitimate strong State interest in enforcing its own laws and in punishing violations of its criminal statutes, is not violative of equal protection guarantees under either the State or Federal Constitution *(People v Pacheco,* 53 NY2d 663, 669-670 [Cooke, Ch. J., concurring]). Concur—Wallach, J. P., Kupferman, Kassal and Rubin, JJ.