■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR THOMAS, Appellant, v JOHN J. DRAY, as Superintendent of Erie County Holding Center, Respondent. [604 NYS2d 865] — Judgment unanimously affirmed. Memorandum: The issues raised by relator in his habeas corpus petition can be raised on his pending direct appeal from the judgment of conviction or by way of a CPL article 440 motion. Thus, Supreme Court properly dismissed relator's petition *(see, People ex rel. Goss v Smith,* 116 AD2d 968, 969, *affd* 69 NY2d 727; *People ex rel. Douglas v Vincent,* 67 AD2d 587, 589, *affd* 50 NY2d 901; *People ex rel. Van Patten v Walker,* 174 AD2d 1058). (Appeal from Judgment of Supreme Court, Erie County, Doyle, Jr., J. —Habeas Corpus.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL TRACY, Appellant. [602 NYS2d 277] —Judgment unanimously affirmed. Memorandum: The suppression court properly denied defendant's motion to suppress a statement to Investigator Clark of the Rochester Police Department. The record does not support a determination that defendant was in custody during his interview with University of Rochester security officers, nor was there evidence sufficient to support defendant's assertion that the private security officers were acting as agents of the police *(cf., People v Ray,* 65 NY2d 282, 286; *People v Jones,* 47 NY2d 528). Consequently, the security officers were not obligated to give *Miranda* warnings *(see, Miranda v Arizona,* 384 US 436). Investigator Clark's subsequent questioning of defendant was preceded by *Miranda* warnings and defendant acknowledged that he understood his rights and was willing to waive them. The record fully supports the suppression court's conclusion that defendant's statement to Investigator Clark was voluntary and properly admitted into evidence. (Appeal from Judgment of Monroe County Court, Egan, J.—Sexual Abuse, 1st Degree.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.