■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON LOVEJOY, Appellant. [602 NYS2d 126] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered January 10, 1990, convicting defendant, after jury trial, of two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 7½ to 15 years on each count, unanimously affirmed.

Defendant's allegations in support of his suppression motions conceded that he and a toy gun were seized by hotel security guards who "displayed" defendant to the complainant. The acts of private security guards do not constitute government activity subject to Fourth Amendment scrutiny *(see, People v Jones,* 47 NY2d 528, 533). Contrary to defendant's argument, the clearly speculative allegations set forth in his moving papers, that the private security guards in question are "licensed peace officers or are working under the

direction and control of a licensed peace officer" (refuted by the People's response), did not meet the statutory requirement of sufficient sworn allegations of "fact" to support the granting of a hearing (CPL 710.60 [1]; *People v Holder,* 149 AD2d 325, 326, *lv denied* 74 NY2d 794). Additionally, defendant conceded in his moving papers that a nylon bag, with contents, was "seized from a nearby location", and offered no factual allegations that the bag and its contents belonged to him. Thus, defendant failed to set forth any allegations even suggesting standing to support the granting of a suppression hearing with respect to the bag and its contents (CPL 710.60 [3] [a]).

We have considered defendant's additional *pro se* arguments and find them to be either unpreserved or without merit. Concur—Murphy, P. J., Ellerin, Wallach, Kassal and Nardelli, JJ.