■ The People of the State of New York, Respondent, v John Jemmott, Appellant. [610 NYS2d 5] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered July 1, 1991, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, to run concurrently with a sentence of 4½ to 9 years imposed for an unrelated conviction, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict. Moreover, upon an independent review of

the facts, we find that the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490). The issues raised by defendant concerning the credibility of the prosecution's police witnesses, the fact that neither drugs nor buy money was found on his person at the time of arrest, and his testimony denying the sale, were all properly placed before the fact-finder, and after considering the relative force of the conflicting testimony and the competing inferences that may be drawn therefrom, we find no reason on the record before us to disturb the court's determination.

Defendant was properly adjudicated a second felony offender notwithstanding that before the time of sentencing herein the basis for that adjudication, grand larceny of property worth at least $250, had been reduced from a fourth degree felony to a misdemeanor *(People v Mendoza,* 186 AD2d 458, *mod on other grounds* 82 NY2d 415). The distinction set forth in Penal Law § 70.06 between consideration of prior New York State, and prior foreign felony convictions, is not violative of equal protection guarantees under either the State or Federal Constitution *(supra).* Concur—Carro, J. P., Rosenberger, Ross, Asch and Tom, JJ.