■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PARRIS, Appellant. [632 NYS2d 103] —Judgment, Supreme Court, New York County (Joan Carey, J., at plea; Franklin Weissberg, J., at sentence), rendered March 2, 1993, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Defendant's motion to suppress the credit cards recovered from his possession by a department store's security guard was properly denied without a hearing for failure to allege facts (CPL 710.60 [1], [3] [b]) showing a connection between security guards and police indicative of "active governmental involvement" in the surveillance, apprehension or questioning of defendant (*People v Ray*, 65 NY2d 282, 286-287; *see also, People v Jones*, 47 NY2d 528, 533). We reject defendant's argument that such a connection is to be inferred from his allegations that the security guards resemble the police in the uniforms they wear and tactics they use, run the store's "own private jail", and "operate for the sole purpose of aiding the police" in gathering and turning over the information and suspects needed to prosecute. "[A]ny store policy reflecting a practice of turning defendant over to authorities *after* investigation and the decision to prosecute have privately been made is constitutionally immaterial and, in reality, simply consistent with the customary procedures involved in *all* citizens' arrests" (*People v Ray, supra*, at 287-288 [emphasis in original]). Concur—Sullivan, J. P., Kupferman, Nardelli and Williams, JJ.