■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE MARTIN, Appellant. [658 NYS2d 105] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered November 13, 1995, convicting him of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On March 9, 1995, the defendant sought treatment at Brookdale Hospital, a private facility, and was taken to the psychiatric unit. Pursuant to written hospital procedures, a security guard employed by the hospital patted down the defendant and searched a bag he was carrying. The guard discovered a loaded handgun in the bag. The police were notified and the defendant was arrested and charged with several counts of criminal possession of a weapon. The Supreme Court denied that branch of his omnibus motion which was to suppress the weapon, concluding that the search conducted by the private security guard was not subject to constitutional scrutiny. We agree.

A search conducted by a private person is not subject to challenge under the Fourth and Fourteenth Amendments (see,

*People v Adler,* 50 NY2d 730, 736-737, *cert denied* 449 US 1014; *People v Horman,* 22 NY2d 378, 382, *cert denied* 393 US 1057). But where private conduct becomes "so pervaded by governmental involvement that it loses its character as such," constitutional considerations are implicated *(People v Ray,* 65 NY2d 282, 286; *People v Adler, supra,* at 737).

Here, there was no such governmental involvement. The security guard was not acting as an agent for the police and was not under their supervision or control *(compare, People v Esposito,* 37 NY2d 156). There was no police participation in the search *(compare, People v Jones,* 47 NY2d 528), which was not undertaken to further a law enforcement objective *(see, People v Ray, supra,* at 286-287). The search was conducted by a private employee in accordance with procedures issued by the hospital and in furtherance of his responsibility to protect patients, visitors, and hospital property *(see, People v Ray, supra,* at 286-287; *People v Horman, supra,* at 380). Therefore, the Supreme Court properly declined to suppress the gun *(see, People v Parris,* 220 AD2d 254; *People v Tracy,* 197 AD2d 853; *People v Lovejoy,* 197 AD2d 353). O'Brien, J. P., Ritter, Altman and McGinity, JJ., concur.