■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT A. BROSSOIT, Appellant. [682 NYS2d 273] —Cardona, P. J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered March 2, 1998, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.

On or about October 7, 1996, defendant was charged in an indictment with the crime of grand larceny in the fourth degree in connection with an incident occurring in December 1995 in which he allegedly stole an automobile. He was arrested on February 1, 1997. In April 1997, defendant moved, *inter alia*, to dismiss the indictment on various grounds, including that the Grand Jury was not properly instructed on the law and he was deprived of his right to a speedy trial (*see*, CPL 30.30). Upon examining the Grand Jury minutes and concluding that certain legal instructions were improper, County Court dismissed the indictment but granted the People leave to present the case to a different Grand Jury. The court further denied that part of defendant's motion requesting dismissal of the indictment on speedy trial grounds.

In May 1997, defendant was indicted by a different Grand Jury for the same crime. County Court denied dismissal of this indictment, finding that the Grand Jury minutes were sufficient. Defendant moved unsuccessfully, pursuant to CPL 30.30, to dismiss the indictment on speedy trial grounds and, thereafter, the prosecution announced their readiness for trial on June 10, 1997. After trial, defendant was found guilty of grand larceny in the fourth degree and sentenced as a second felony offender to 2 to 4 years in prison. Defendant appeals.

Defendant initially argues that he was denied his statutory right to a speedy trial by the delay between December 7, 1995, the date the original arrest warrant was issued, and May 27, 1997, the date of the issuance of the second indictment. We note that defendant bears the burden of demonstrating that his speedy trial rights were violated " 'by alleging * * * that the prosecution failed to declare readiness within the statuto-

rily prescribed period'" (*People v Goode*, 87 NY2d 1045, 1047, quoting *People v Luperon*, 85 NY2d 71, 77-78). Once this showing is made, the burden shifts to the prosecution to identify the exclusion upon which it relies (*see, id.*). CPL 30.30 (1) (a) requires that a defendant be brought to trial within six months of the date of commencement of the criminal action. The statute, however, provides that "the period of delay resulting from the absence or unavailability of the defendant" is to be excluded from the six-month time period (CPL 30.30 [4] [c] [i]). "A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence" (CPL 30.30 [4] [c] [i]).

In response to defendant's claim that the prosecution failed to bring him to trial within six months of the issuance of the arrest warrant, the prosecution relies upon the above exclusion. The prosecution adduced evidence including unsuccessful attempts by the police to obtain information about defendant's whereabouts from his brother, defendant's use of an alias to avoid detection and defendant's residence with a woman who secreted his location. It appears that defendant's whereabouts were not known until the police received a crime stopper's tip. He was arrested pursuant to a new arrest warrant on February 1, 1997. The prosecution also offered proof of its policy not to indict absent defendants (*see, People v Bratton*,103 AD2d 368, *affd* 65 NY2d 675). In view of this, we agree with County Court that the time period from December 7, 1995 until February 1, 1997 was properly excludable under CPL 30.30 (4) (c) (i) (*see, People v Washington*, 233 AD2d 684, 685, *lv denied* 89 NY2d 1042). Inasmuch as the time between defendant's arrest on February 1, 1997 and the prosecution's announcement of their readiness for trial on June 10, 1997 did not exceed the six-month time period, there was no violation of defendant's right to a speedy trial.

Turning to defendant's other claims, he argues that the verdict is not supported by legally sufficient evidence and also is contrary to the weight of the evidence. In determining legal sufficiency, the evidence must be viewed in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621) for the purpose of ascertaining "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495). The inquiry is essentially whether the prosecution has established a prima facie case (*see, People v Jensen*, 86 NY2d

248, 252). On the other hand, evaluating whether a verdict is contrary to the weight of the evidence requires that the proof be viewed in a neutral light (*see, People v Carthrens*, 171 AD2d 387, 392) to determine "[i]f based on all the credible evidence a different finding would not have been unreasonable" (*People v Bleakley, supra*, at 495). The court must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*id.*, at 495, quoting *People ex rel. McCracken v Miller*, 291 NY 55, 62) and, "[i]f it appears that the trier of fact has failed to give the evidence the weight it should be accorded, then the * * * court may set aside the verdict" (*People v Bleakley, supra*, at 495).

In this case, testimony was adduced at trial that defendant and John Barley were at a bar in the City of Ogdensburg, St. Lawrence County, in the late evening hours of November 9, 1995 and early morning hours of November 10, 1995. Also present at the bar on the night in question was Kayne Langtry, the owner of the vehicle defendant was accused of stealing. Langtry testified that prior to departing the bar at approximately 2:00 A.M., he went outside to start his car and returned to pick up a friend. When he and his friend went outside, the vehicle was gone. The police recovered it a few months later at a wrecking yard in the City of Syracuse, Onondaga County. Barley testified that he and defendant were at the same bar on the night in question and when leaving they saw a car running. They decided to take it and drove toward Syracuse. While driving they hit another vehicle and abandoned the stolen car.

Edward Woods testified that he drove defendant and Barley to the bar in his vehicle and arrived at approximately 10:00 P.M. or 11:00 P.M. on November 9, 1995. Later in the evening, they approached Woods for the keys to his truck so they could get their coats. Woods stated that after he gave defendant and Barley the keys, they disappeared and never returned. Shortly thereafter, a man came into the bar screaming that his car had been stolen. Woods stated that he did not see defendant until about a week later when defendant accused Woods of "ratting" on him. He also stated that defendant's brother threatened to beat him up if he said anything.

Contrary to defendant's claim, we find that this evidence adequately corroborated the testimony of Barley, who County Court found was an accomplice, such as to provide legally sufficient proof of the crime of grand larceny in the fourth degree (*see*, Penal Law § 155.30 [8]). Langtry's and Woods' testimony placed defendant at the scene of the crime during the relevant

time period and, while circumstantial, it constitutes persuasive evidence that defendant had access to the vehicle and stole it from the parking lot while retrieving his coat. In addition, the fact that the vehicle was subsequently recovered in the Syracuse area substantiates Barley's claim that it was driven there. Under the circumstances presented, we cannot say that the verdict is legally insufficient. Furthermore, viewing the evidence in a neutral light, we cannot say that the jury failed to give the evidence the weight it should be accorded and that, therefore, the verdict is contrary to the weight of the evidence.

Mercure, White, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.