■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD SULLIVAN, Appellant. [752 NYS2d 733] —Kane, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered January 11, 2000, upon a verdict convicting defendant of the crimes of assault in the first degree (two counts) and criminal possession of a weapon in the third degree.

On the afternoon of March 20, 1999, Jacqueline Billingsley, upon leaving a grocery store in the City of Albany, was approached by defendant who slashed her across the face with a weapon. The resulting laceration required 200 stitches and left a permanent scar. Three days later, the victim identified defendant as her assailant from a photographic array. On March 24, 1999, defendant was approached by Albany Police Officer Kelly Kimbrough. At the time, Kimbrough was in plain clothes, in an unmarked vehicle. Immediately after defendant recognized Kimbrough to be a police officer, he discarded a retractable razor blade* by dropping it on the ground. After defendant was arrested and taken into custody, he admitted to slashing the victim, but claimed it was unintentional and occurred during the course of a fight with another individual. According to defendant, when he bent over to retrieve the razor blade during the struggle, someone grabbed him from behind and, in response, he reached behind him with the weapon, slashing the victim.

As a result of this incident, a three-count indictment was handed up against defendant. After a combined *Wade/Huntley* hearing, County Court denied defendant's motion to suppress the razor blade, his postarrest statement to police and the pretrial photographic identification by the victim, concluding, inter alia, that the identification procedure utilized was constitutionally permissible. Following a jury trial, defendant was convicted of two counts of assault in the first degree and one

---

* The weapon at issue is described as being a "retractable razor blade" and, therefore, when retracted, the razor is capable of being concealed within the handle. The arresting officer testified that the razor blade was extended out of the handle when defendant discarded it.

count of criminal possession of a weapon in the third degree. Defendant appeals.

Defendant contends that County Court should have suppressed the victim's in-court identification of him because the pretrial photographic array viewed by her was impermissibly suggestive. We agree with County Court that the People satisfied their initial burden of coming forward with evidence establishing the reasonableness of the police conduct and lack of suggestiveness (*see People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). Once established, the burden shifted to defendant to show that the identification procedure was unduly suggestive (*see People v Hyde*, 240 AD2d 849, 850, *lv denied* 91 NY2d 874).

Our examination of the photographic array employed here demonstrates that the eight individuals depicted in these photos all appeared to be approximately the same age, skin tone and hair length. Contrary to defendant's argument, there were at least three other individuals with similar hairstyles and defendant's red shirt was not so distinctive as to be conspicuous, particularly since the other individuals were dressed in varying, nondescript apparel. Nor was the lighting difference of "such quality as would taint the array" (*People v Boria*, 279 AD2d 585, 586, *lv denied* 96 NY2d 781). Consequently, we agree with County Court's finding that given the "overall resemblance between defendant and the fillers" (*People v Robinson*, 287 AD2d 398, 398, *lv denied* 98 NY2d 680), there is nothing to suggest that the photographic array was unduly suggestive (*see People v Parker*, 257 AD2d 693, 694, *lvs denied* 93 NY2d 1015, 1024; *see also People v Emmons*, 123 AD2d 475, *lv denied* 69 NY2d 827). Under these circumstances, suppression was properly denied.

We also reject defendant's claim that reversible error occurred due to the prosecutor's remarks during the trial summation. The comments made by the prosecutor were either responsive to defendant's summation (*see People v Ashwal*, 39 NY2d 105, 109-110) or were not so prejudicial as to constitute reversible error in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230, 241).

Next, we are unpersuaded by defendant's claims that the conviction of criminal possession of a weapon in the third degree should be dismissed because there was no evidence that he possessed the razor blade with an intent to use the same unlawfully against another. The standard for assessing the legal sufficiency of evidence in a criminal case is whether, in viewing the evidence in a light most favorable to the prosecu-

tion (*see People v Contes*, 60 NY2d 620, 621), there exists "any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495; *see People v Cabey*, 85 NY2d 417, 420-421).

A person is guilty of criminal possession of a weapon in the third degree when, inter alia, he or she possesses a dangerous knife, dangerous instrument, or razor with the intent to use it unlawfully against another and has been previously convicted of another crime (*see* Penal Law § 265.01 [2]; § 265.02 [1]). Unlawful intent may not, however, be presumed by mere possession of a razor; it must separately be established that the razor was intended to be used unlawfully against another (*see People ex rel. Pena v New York State Div. of Parole*, 83 AD2d 887, 888). Here, defendant only challenges the element of intent and contends that there was no proof at trial that defendant possessed the razor blade with the intent to use it unlawfully against another at the time he was placed under arrest by Kimbrough. At trial, Kimbrough testified that defendant was spotted on a sidewalk by him; at the time, Kimbrough was plain-clothed and riding in his personal car. When the officer asked defendant his name, defendant appeared to take something out of his pocket and stood in a defensive stance. As the officer exited his vehicle, defendant appeared to have something in his hand. When defendant realized that Kimbrough was a police officer he exclaimed, "Oh, Oh, you're police. I didn't know, I didn't know," and dropped the object that was in his hand. The object dropped was a razor/utility knife with the blade extended out of the handle. From this testimony, the jury could have reasonably concluded that defendant intended to use the weapon unlawfully against Kimbrough prior to the officer's identification of himself. Hence, we find the evidence legally sufficient to support the conviction of criminal possession of a weapon in the third degree.

Nor are we persuaded by defendant's attack on the weight of the evidence with respect to the jury's finding of guilt on the two counts of assault in the first degree. Specifically, defendant contends that there was both contrary and improper evidence as to his identity. In assessing whether the jury's verdict was supported by the weight of the evidence, we must view the proof in a neutral light (*see People v Rivera*, 281 AD2d 702, 703, *lv denied* 96 NY2d 805) to determine " '[i]f based on all the credible evidence a different finding would not have been unreasonable' " (*People v Brossoit*, 256 AD2d 919, 921, quoting *People v Bleakley, supra* at 495). The court must then " 'weigh

the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley, supra* at 495, quoting *People ex rel. MacCracken v Miller,* 291 NY 55, 62; *see People v Morton,* 288 AD2d 557, 558, *lv denied* 97 NY2d 758, *cert denied* — US —, 123 S Ct 237). If it appears that the jury failed to accord the evidence the proper weight, we may set aside the verdict (*see* CPL 470.15 [5]).

At trial, the victim testified concerning her prior encounters with defendant, as well as her contact with defendant at the time of the incident. The victim's identification of defendant as the taller of two men who approached her on the day in question, as well as the manner in which the assault occurred, was confirmed by an independent witness. Finally, the People introduced defendant's oral and written statements in which he acknowledged cutting the victim. Under the circumstances presented, we find that the jury gave the evidence the weight it should be accorded and, therefore, the verdict as to these two counts is not contrary to the weight of the evidence.

Crew III, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.

