■ In the Matter of Angel S., a Person Alleged to be a Juvenile Delinquent, Appellant. [758 NYS2d 606] —Order of disposition, Family Court, Bronx County (Harold Lynch, J.), entered on or about August 31, 2001, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crime of reckless endangerment in the second degree, and placed him on probation for 15 months, unanimously affirmed, without costs.

Appellant's motion to suppress statements was properly denied. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761). Appellant argues that his statements to his school principal were obtained with the participation of fire marshals (who constitute police officers), and that he was subjected to custodial interrogation requiring *Miranda* warnings. Evidence properly credited by the court established that the principal elicited appellant's statements as part of the school's own investigation into a fire, which was conducted pursuant to school protocol, and without any instigation, instructions or input from the fire marshals who were present in the principal's office during the questioning (*see People v Ray*, 65 NY2d 282; *People v Butler*, 188 Misc 2d 48, 56).

In any event, even assuming arguendo that there was police involvement in the principal's investigation, the record also supports the court's finding that appellant's interrogation was not custodial. Under the circumstances, a reasonable teenager in appellant's position, innocent of any crime, would not have thought that he was in custody while answering the principal's questions in the principal's office (*see People v Yukl*, 25 NY2d 585, *cert denied* 400 US 851). Appellant was never restrained and was allowed to return to his classes following the investigatory inquiry (*see Doe v Bagan*, 41 F3d 571, 574 n 3 [principal's office interview not custodial]). The principal's office setting was not an additional restraint beyond the ordinary condition of a high school student, who is not literally "free to leave" without permission during school hours (*cf. People v Alls*, 83 NY2d 94, *cert denied* 511 US 1090). Although appellant was made aware that the two men present were fire marshals investigating a fire, the marshals did not wear uniforms or

shields, did not participate in the interview, and did nothing to suggest to appellant that he was in custody.

Similarly, we find that there was no violation of any of the provisions of Family Court Act § 305.2 dealing with the arrest and interrogation of juveniles. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Ellerin and Gonzalez, JJ.