THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID WALTER, Respondent. [778 NYS2d 642]—

Appeal from an order of the Erie County Court (Shirley Troutman, J.), entered April 7, 2003. The order granted defendant's motion in part and dismissed the indictment pursuant to CPL 30.30.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.

Memorandum: The People appeal from an order granting that part of the omnibus motion of defendant seeking dismissal of the indictment on the ground that his statutory right to a speedy trial was denied (*see* CPL 30.30). We conclude that County Court properly dismissed the indictment against defendant in 2002 for crimes that occurred in 1994, but our reasoning differs from that of the court. Defendant met his initial burden of establishing that his speedy trial rights were violated by showing that the prosecution was commenced eight years before the People declared their readiness for trial, and the burden thus shifted to the People to identify the exclusions upon which they were relying (*see People v Brossoit*, 256 AD2d 919, 919-920 [1998]). Pursuant to the version of CPL 30.30 (4) (c) and the case law in effect when this criminal action was commenced, "prosecutorial diligence in locating the defendant and/or securing his presence [had to] be shown in order to invoke the exclusion for periods when the defendant was 'absent' or 'unavailable' and a bench warrant for his apprehension was outstanding" (*People v Bolden*, 81 NY2d 146, 155 [1993]). Here, the record is devoid of any such diligence by the People (*see id.*), and thus the indictment was properly dismissed. Present—Pine, J.P., Hurlbutt, Gorski, Martoche and Lawton, JJ.