Matter of Uriel M. (2004 NY Slip Op 50849(U))

[*1]

Matter of Uriel M.

2004 NY Slip Op 50849(U)

Decided on August 4, 2004

Family Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 4, 2004

Family Court, Queens County
In the Matter of URIEL M., A Person Alleged to be a Juvenile Delinquent, Respondent.
D-10853/04

John M. Hunt, J.
By petition filed on June 18, 2004 respondent is alleged to have committed an act which,
were he an adult, would constitute the crime of Criminal Possession of a Weapon in the Fourth
Degree.
Respondent has moved for dismissal of the juvenile delinquency petition as
jurisdictionally defective, an order suppressing his statements to law enforcement officials,
and other relief.[FN1]
The petition filed against the respondent alleges that on May 21, 2004 he possessed "a
razor, with intent to use the same unlawfully against another. A supporting deposition sworn to
by School Safety Officer Paul Palega states, in pertinent part, that on May 21, 2004 "[i]nside of
Francis Lewis High School" in Queens County "I observed the [r]espondent remove a razor from
his person on school grounds. I subsequently heard the [r]espondent state in sum and substance
that he carries the razor for protection."
Respondent moves for dismissal of this single count petition on the ground that there are
[*2]
no non-hearsay allegations in the petition or the sole supporting deposition establishing that he
committed the crime charged (Fam. Ct. Act §315.1).
"Family Court Act §311.2 measures the sufficiency of a petition by the sum of its two
parts: the verified petition and any supporting depositions filed with the petition" (Matter of
Neftali D., 85 NY2d 631, 635; see, Matter of Bobby Jo F., 2 AD3d 1472, 1473). A juvenile
delinquency petition, or a count thereof, is jurisdictionally sufficient when "non-hearsay
allegations of the factual part of the petition or of any supporting depositions establish, if true,
every element of each crime charged and the respondent's commission thereof" (Matter of
Rodney J., 83 NY2d 503, 507; see, Matter of Angel A., 92 NY2d 430, 434). In other words,
the petition and any supporting depositions must establish a prima facie case against the
respondent (Matter of Jahron S., 79 NY2d 632, 639; Matter of Edward B., 80 NY2d 458, 463-
464; Matter of Wesley M., 83 NY2d 898, 899; Matter of Rodney J., 83 NY2d, at 507; Matter
of Neftali D., 85 NY2d, at 634-635; Matter of Angel A., 92 NY2d, at 434).
Bearing in mind that "the prima facie case requirement is not the same as the burden of
proof beyond a reasonable doubt required at trial" (People v. Henderson, 92 NY2d 677, 680), a
review of the petition and the sole supporting deposition indicates that it is facially and
jurisdictionally sufficient. (see, Matter of Edward B., 80 NY2d, at 463-465).
Penal Law §265.01 (2) a person is guilty of the crime of Criminal Possession of a
Weapon in the Fourth Degree when: "[h]e possesses any dagger, dangerous knife, dirk, razor,
stiletto, imitation pistol or any other dangerous or deadly instrument with intent to use the same
unlawfully against another" (italics added). In addition, a statutory presumption of intent may
be applicable to the possession of certain weapons. Penal Law §265.15 provides, in pertinent
[*3]
part, that "[t]he possession by any person of any dagger, dirk, stiletto, dangerous knife or any
other weapon, instrument, appliance or substance designed, made or adapted for use primarily as
a weapon, is presumptive evidence of intent to use the same unlawfully against another" (Penal
Law §265.15 [4]).
However, because "[a] razor is not defined in the Penal Law to be a deadly weapon . . .
[p]rima facie evidence of an offense under Penal Law §265. 01 (2) requires that the element of
possession of a razor be coupled with the element that the possessor intended to use it unlawfully
against another" (Matter of Francisco C., 238 AD2d 224, 226 [internal citation omitted]). Stated
differently, the presumption of possession with unlawful intent to use against another does not
apply to a razor (Id., at 226; People ex rel. Pena v. New York State Division of Parole, 83 AD2d
887, 888; People v. Sullivan, 300 AD2d 689, 691, lv. denied 100 NY2d 587). Moreover, since
a razor, like other items instruments or appliances which may be utilized as a weapon, also has
utilitarian non-criminal purposes, and in light of "constitutional limitations on presumptions
flowing from possession to prove . . . intent" (People v. Judiz, 38 NY2d, 529, 531), the
prosecutor is required to prove that the razor or other item was possessed with the requisite
criminal intent.
In cases involving the possession of a weapon which is not enumerated in Penal Law
§265.15 (4), courts have looked to whether the defendant possessed the item under circumstances
demonstrating an intent to use it as a weapon or whether the defendant himself considered the
item to be a weapon (Matter of Edward K., 226 AD2d 1097, 1098;; People v. Sullivan, at 691; 
People v. Lee, 303 AD2d 977, lv, denied 100 NY2d 540; Matter of Kara D., 306 AD2d 918,
919). Here, respondent's statement to School Safety Officer Palega establishes that he possessed
[*4]
the razor in a school under circumstances demonstrating that he considered it to be a weapon
thereby satisfying the element of intent at the pleading stage of this proceeding. Additionally, the
manner in which the respondent was carrying the razor blade is indicative that he considered it to
be a weapon. While "[i]t would be legitimate for [respondent] too possess a package of razor
blades that he might be taking home from the store for personal use . . . it is unlikely that he
would carry a single unpackaged blade in his wallet if he intended a use other than in a fight on
the street" (Matter of Patrick L., 244 AD2d 244, 246, lv. denied 91 NY2d 811; see, People v.
Sullivan, at 691; cf. Matter of Francisco C., at 226 [no factual allegations which would establish
mens rea]).
Respondent's motion for an order suppressing the introduction of his out-of-court
statements as "involuntarily made" (Fam. Ct. Act §344.2 [2]; Criminal Procedure Law §60.45
[2]), is denied based upon the representation of the Assistant Corporation Counsel that the
statements intended to be introduced at trial were obtained by a school dean and not a law
enforcement officer (see, Matter of Angel S., 302 AD2d 303). Evidence obtained by private
individuals not acting in a law enforcement capacity is not subject to suppression under the
exclusionary rule (United States v. Jacobsen, 466 US 109, 113; People v. Jones, 47 NY2d 528,
533; People v. Ray, 65 NY2d 282, 286 People v. Alexander, 162 AD2d 164; People v. Mendoza,
186 AD2d 458, 459; People v. Dunnigan, 188 AD2d 1052, lv. denied 81 NY2d 884; People v.
Lovejoy, 197 AD2d 353; People v. Parris, 220 AD2d 254; People v. Martin, 240 AD2d 434, lv. 
denied 90 NY2d 895).
Accordingly the motion to dismiss the petition and the motion seeking to suppress
out-of-court statements is denied for the reasons stated herein.
This constitutes the order of the Court.
E N T E R:
_________________________________
JOHN M. HUNT
Judge of the Family Court
Dated: Jamaica, New York
 August 4, 2004

Footnotes

Footnote 1:Decision edited for publication.