■ In the Matter of JONATHAN D., a Person Alleged to be a Juvenile Delinquent, Appellant. [866 NYS2d 299]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Queens County (Hunt, J.), dated August 10, 2007, which, after a hearing upon remittal from this Court, directed the appellant to pay restitution in the sum of $1,500.

Ordered that the order is affirmed, without costs or disbursements.

After a fact-finding hearing, the Family Court found that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree. In an order of disposition dated November 14, 2005 he was adjudged to be a juvenile delinquent and placed on probation for a period of 18 months, with conditions, inter alia, that he pay restitution for the victim's unreimbursed medical expenses in the sum of $1,500.

By decision and order dated October 31, 2006, this Court modified the order of disposition, inter alia, by deleting the provision thereof directing the appellant to pay restitution in the sum of $1,500 (*see Matter of Jonathan D.*, 33 AD3d 996 [2006]), and remitted the matter to the Family Court, Queens County, for a hearing on the issue of restitution to ascertain the amount, if any, of the victim's medical expenses that remained unreimbursed (*id.* at 998). We stated that "[i]t would be appropriate at this hearing, if the appellant chooses to place in issue his ability to pay, for the Family Court to consider evidence on this issue as well" (*id.*). Consistent therewith, the Family Court conducted a hearing and thereafter directed the appellant to pay restitution in the maximum statutory sum of $1,500 (*see* Family Ct Act § 353.6 [1]). We affirm.

Contrary to the appellant's contention, the Family Court

properly directed him to pay restitution in the sum of $1,500. The court's determination was fully supported by the evidence presented at the hearing (see Matter of Daytrill H., 32 AD3d 736 [2006]; Matter of Antonio M., 214 AD2d 571 [1995]). The appellant's claim that the Family Court failed to consider his ability to pay when it directed restitution is without merit (see Matter of Jessie GG., 190 AD2d 916, 917 [1993]).

The appellant's remaining contention is without merit. Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.