■ In the Matter of DAQUAN M., a Person Alleged to be a Juvenile Delinquent, Appellant. [881 NYS2d 906]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) an order of fact-finding of the Family Court, Queens County (Hunt, J.), dated March 27, 2008, which, after a hearing, found that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and (2) an order of disposition of the same court dated April 30, 2008, which, upon the fact-finding order, and after a dispositional hearing, adjudged him to be a juvenile delinquent, placed him on probation for a period of 24 months, and directed him to pay restitution in the sum of $1,500. The appeals bring up for review the denial, without a hearing, of the appellant's renewed motion to suppress his statements to school officials.

Ordered that appeal from the fact-finding order dated March 28, 2008, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court properly denied the appellant's renewed motion to suppress his statements to school officials without ordering a separate suppression hearing. The Family Court credited the testimony of school officials at the fact-finding hearing that, at the time the appellant made the inculpatory statements, he was being questioned solely by school personnel investigating the incident of theft (*see People v Centano*, 76 NY2d 837, 838 [1990]; *People v Yukl*, 25 NY2d 585, 589-591 [1969], *cert denied* 400 US 851 [1970]; *Matter of Victor V.*, 30 AD3d 430, 431 [2006]; *Matter of Angel S.*, 302 AD2d 303 [2003]). He was not, therefore, being questioned by law enforcement officials nor was he in custody for purposes of receiving *Miranda*

warnings (*see Miranda v Arizona*, 384 US 436, 444 [1966]; *Matter of Kenneth G.*, 39 AD3d 337 [2007]; *Matter of Angel S.*, 302 AD2d 303 [2003]).

Nor did the Family Court improvidently exercise its discretion in directing the appellant to pay restitution in the sum of $1,500 as a condition of probation, because Family Court Act § 353.6 (1) (a) authorizes restitution up to a maximum of $1,500 and the money which was the subject of the theft undisputedly exceeded that sum (*see Matter of Nathaniel P.*, 58 AD3d 860 [2009]; *Matter of Jonathan D.*, 55 AD3d 831 [2008]; *Matter of Daytrill H.*, 32 AD3d 736 [2006]; *Matter of Antonio M.*, 214 AD2d 571 [1995]). Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur.