People v Beebe (2019 NY Slip Op 03230)





People v Beebe


2019 NY Slip Op 03230


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


1293 KA 18-00993

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
THOMAS BEEBE, DEFENDANT-RESPONDENT. 






JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR APPELLANT.
THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an amended order of the Erie County Court (Sheila A. DiTullio, J.), dated December 20, 2017. The amended order granted the motion of defendant to dismiss the indictment. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed.
Memorandum: The People appeal from an amended order granting defendant's motion to dismiss the indictment on statutory and constitutional speedy trial grounds (see CPL 30.20, 30.30 [1] [a]). We affirm.
Contrary to the People's contention, County Court properly granted the motion on the ground that defendant's statutory speedy trial rights were violated. Defendant established that he was extradited to Pennsylvania days after the commencement of this criminal action and was not returned to this jurisdiction for either a felony hearing on the initial charges against him or an arraignment on the subsequently issued indictment prior to the time, more than six months later, that the court granted defendant's motion and dismissed the indictment. Defendant therefore met his initial burden of establishing that his statutory speedy trial rights were violated (see People v Walter, 8 AD3d 1109, 1110 [4th Dept 2004], lv denied 3 NY3d 682 [2004]).
We reject the People's contention that they may rely on CPL 30.30 (4) (c) (i) or 30.30 (4) (e) to exclude any portion of that time based on defendant's absence or unavailability (see Walter, 8 AD3d at 1110). "It is the People's responsibility . . . to schedule the arraignment, so as to bring the case to the stage where it may be tried. Because a delay in arraigning a defendant constitutes a direct impediment to commencement of the trial' . . . , prosecutorial laxity in this respect, even if inadvertent', is chargeable to the People as postreadiness delay" (People v McGrath, 223 AD2d 759, 760 [3d Dept 1996], quoting People v England, 84 NY2d 1, 5 [1994], rearg denied 84 NY2d 846 [1994]). Here, it is undisputed that defendant's departure from the jurisdiction and his inability to appear for either the rescheduled felony hearing or his arraignment on the subsequently issued indictment were caused by the People's actions. The People failed to hold a felony hearing as originally scheduled, which resulted in defendant's release on the initial charges without a detainer (see CPL 180.80). Thereafter, the People acted affirmatively to secure defendant's waiver of extradition to Pennsylvania. At the time of the extradition proceeding, the People were aware of the pending New York felony complaint against defendant but failed to raise the issue of the New York charges during the extradition hearing. Further, the conclusory and vague statements of the prosecutor in the record do not support the People's contention that diligent efforts were made to facilitate the return of defendant from Pennsylvania following his extradition (see People v Devino, 110 AD3d 1146, 1149 [3d Dept 2013]).
Additionally, we agree with defendant that the People failed to preserve their contention that the court erred in granting defendant's motion on constitutional speedy trial grounds under CPL 30.20 (see CPL 470.05 [2]). In any event, that issue is academic in light of our determination that the court properly granted defendant's motion on statutory speedy trial grounds.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court