People v Marte (2024 NY Slip Op 02067)

People v Marte

2024 NY Slip Op 02067

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-03646
 (Ind. No. 698/17)

[*1]The People of the State of New York, respondent,
v
Victor Marte, appellant.

Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY (Danielle Muscatello and Donna Aldea of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Shea Scanlon Lomma and Steven A. Bender of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufidio, Jr., J.), rendered June 26, 2018, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a weapon in the third degree, and criminal use of drug paraphernalia in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545). The County Court mischaracterized the nature of the appeal waiver by stating that the defendant's convictions and sentence would be final, thereby suggesting that the waiver may be an absolute bar to the taking of an appeal (see People v Matthews, 220 AD3d 719; People v Boykin, 219 AD3d 499). Moreover, the written waiver form, which stated in bold that the convictions and sentence would not be reviewed by a higher court and would be final, was insufficient to overcome the ambiguities in the court's explanation of the right to appeal (see People v Richards, 224 AD3d 782, 783). Further, under the circumstances of this case, the defendant's waiver of his right to seek appellate review of determinations on suppression motions also was invalid (see People v Burbridge, 194 AD3d 831, 832).
Contrary to the defendant's contention, the warrantless search of the defendant's apartment by the owners of the building did not violate his rights under the Fourth Amendment of the United States Constitution. "A search conducted by a private person is not subject to challenge under the Fourth and Fourteenth Amendments" (People v Martin, 240 AD2d 434, 434; see People v Adler, 50 NY2d 730, 736-737). However, "where private conduct becomes 'so pervaded by governmental involvement that it loses its character as such,' constitutional considerations are implicated" (People v Martin, 240 AD2d at 435, quoting People v Ray, 65 NY2d 282, 286). Here, the evidence elicited at a suppression hearing established that the owners of the apartment building were not acting as agents of a government official investigating the defendant when they chose to [*2]enter the defendant's apartment and take photographs (see People v Lewis, 273 AD2d 254, 255; People v Martin, 240 AD2d at 435).
"'A granting of an adjournment for any purpose is a matter of discretion for the trial court'" (People v Davis, 118 AD3d 906, 908, quoting People v Muriel-Herrera, 68 AD3d 1135, 1136). Here, the County Court providently exercised its discretion in denying the defendant's request for an adjournment of the sentencing hearing made in light of the United States Supreme Court decision in Carpenter v United States (585 US 296), which was not applicable to the circumstances of this case involving real-time cell site location information (see id. at 316; see also People v Costan, 197 AD3d 716, 720).
IANNACCI, J.P., WOOTEN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court